JOHN M. VAN HEUSEN *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. May 24, 1926. — November 24, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax,* On Income.

While a transfer of certain inventions, patents, and contract rights respecting them by the owner to a corporation which he organized, in return for its capital stock of a par value in excess of the value of the rights preceding the transfer is a sale, no gain results from such a transaction which is taxable as income under G. L. c. 62, § 5, as amended by Sts. 1921, c. 376; 1922, c. 449, until there is a further sale or exchange of such new shares.

COMPLAINT, filed in the Superior Court on January 7, 1926, and afterwards amended, for the abatement of an income tax.

The allegations of the complaint were in substance as follows: On January 1, 1916, the complainant owned basic inventions relating to the manufacture of cloth for semisoft collars and had applications for patents pending respecting them. Between that date and October, 1922, numerous other applications for patents were filed, patents were granted and contracts were made with firms and corporations relating to the manufacture of semisoft collars and cuffs upon a royalty basis. In October and November, 1922, he caused to be organized the Van Heusen Products, Inc., a Delaware corporation, and transferred and assigned to it all his inventions relating to cloth for semisoft collars, and his rights under the patents, the applications for patents and the

contracts, and received in exchange $3,600,000, par value, of the capital stock of the corporation, which represented all of the capital stock of the Van Heusen Products, Inc., issued and outstanding.  These shares he continued to own to the time of the assessment complained of, and there had been no dealings of any character in them.  The respondent determined that the difference between $3,600,000, the par value of the shares of Van Heusen Products, Inc., received by the complainant, and $40,841.21, representing the legal and incidental expenditures paid by the complainant in procuring patents for his said inventions, was a gain to the complainant in the year 1922, and on August 1, 1925, assessed to the complainant a tax of $106,744.76.  The complainant paid the tax under protest.

The respondent demurred.  The demurrer was heard by *Bishop*, J., and was sustained.  The judge then reported his ruling to this court for determination.

The case was submitted on briefs.

*R. G. Dodge & L. Curtis, 2d,* for the complainant.

*J. R. Benton,* Attorney General, *& A. Lincoln,* Assistant Attorney General, for the respondent.

WAIT, J.  The transfer made by the petitioner to the Van Heusen Products, Inc., was a sale.  *Osgood* v. *Tax Commissioner,* 235 Mass. 88.  The corporation was an entity distinct from the petitioner.  The fact that he possessed all its capital stock, and had the power, through the voting capacity inherent in the stock, to put an end to the corporation and to secure the return to himself of what he conveyed to it, does not alter the situation.  *England* v. *Dearborn,* 141 Mass. 590.  *McAlevey* v. *Litch,* 234 Mass. 440, 441.  *Star Brewing Co.* v. *Flynn,* 237 Mass. 213, 217. Before the transfer the petitioner possessed certain patents, contracts and rights; after it he owned specific shares of stock.  The properties differ in kind and quantity.  If it were to be assumed that he is still, in fact, the owner of the patents, contracts and rights which he put into the corporation, he has something more, purchased with the property transferred — the ownership of a corporate franchise.

The°petitioner is taxed, however, because he has acquired income,— has made a gain which is subject to taxation. This gain the respondent contends is the difference, as computed by the commissioner, between $40,841.21, the legal and incidental expenses paid by the petitioner in procuring patents for his inventions, and $3,600,000, which the petitioner admits for the purposes of this demurrer to be the value at the time of the transfer in 1922 of the patents, contracts and rights transferred to the corporation. It is also admitted that $3,600,000 is greater than the value of the said property owned by the petitioner on January 1, 1916, plus the value, when acquired, of such of the property as has been acquired since that date. G. L. c. 62, § 5, provides for taxation of "income of the following classes" and specifies in clause (c) "The excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property . . . ."

This court held in *Osgood* v. *Tax Commissioner, supra*, that one who owned stock of an ascertained value on January 1, 1916, in one corporation, and exchanged it for shares of stock in a new corporation formed by a reorganization of the old, had made a sale within the meaning of that statute, and, since the new stock was of a different and higher value, had received a gain which was subject to tax.

The Legislature by St. 1922, c. 449, thereupon, amended clause (c) by adding to it: "If, in any exchange of shares upon the reorganization of one or more corporations or of one or more partnerships, associations or trusts, the beneficial interest in which is represented by transferable shares, the new shares received in exchange for the shares surrendered represent the same interest in the same assets, no gain or loss shall be deemed to accrue from the transaction until a sale or further exchange of such new shares is made." The intent of the Legislature is that where there is really only a change in the form of the representation of the same assets, no income accrues and no gain or loss takes place until a sale or exchange of the newly acquired property fixes it with a value and settles whether there has been loss or gain.

Although no reorganization exists here and St. 1922, c. 449, does not control, the same principle applies. No income within the meaning of the statute has accrued from the exchange of patents, contracts and rights for all the stock of a corporation whose shares have never been dealt in on any market, have never been sold, have never acquired a value except on paper, and whose only assets, apart from its franchise, consist in the property exchanged for the shares.

In *Osgood* v. *Tax Commissioner, supra,* the exchange dealt with only part of the stock of the corporation; there was nothing to show that there had been no dealings in the shares which would ascertain a market value, although the plaintiff had made no sale or exchange of what she had received; and, apparently, there was evidence of sales by others establishing a market value. That decision is not conclusive against the petitioner on this point.

We have said that a mere paper profit does not constitute income, *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 530; that "income as a subject of taxation imports an actual gain. It must mean an increase of wealth out of which money may be taken to satisfy the pecuniary imposition laid for the support of government." *Brown* v. *Commissioner of Corporations & Taxation,* 242 Mass. 242, 244.

Here there has been, in substance, only an exchange of control over these properties as individual owner, to control over them as assets of a corporation which apart from its franchise has no other assets. Such a transaction certainly does not constitute an increase of wealth. It may or it may not result in a gain or a loss. It cannot result in taxable income unless it results in gain. Whether or not it will so result, must be determined by a circumstance which has not yet taken place — a sale or exchange of all or a part of the stock.

The demurrer should have been overruled. In accordance with the stipulation of the parties, the tax is abated as a whole. The amount of the tax is to be repaid to the complainant by the State treasurer with interest at the rate of six per cent per annum from the time the tax was paid, with costs. G. L. c. 62, § 47.

*So ordered.*