KENDALL F. CROCKER *vs.* COMMISSIONER OF CORPORA-
TIONS AND TAXATION.

Suffolk.   May 20, 1932. — September 13, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Tax,* Income. *Constitutional Law,* Taxation. *Statute,* Construction.

Where one, who during the years 1919–1928, inclusive, had purchased
shares of stock of a corporation which before October, 1929, had issued
to him as stock dividends upon such shares more than seven times as
many shares, on the last named date sold nearly one half of the shares
he then owned, it was proper, under G. L. c. 62, § 5 (c), in the amended
form appearing in St. 1928, c. 217, § 1, to divide the entire cost of the
shares which he had purchased by the entire number of shares he
owned at the time of such sale, multiply the result by the number of
shares he sold and, where the result thus reached was less than the
amount of the sale price, to assess the tax upon the difference.

The amendment of G. L. c. 62, § 5 (c), by St. 1928, c. 217, § 1, imposes
no tax on stock dividends, is not retroactive, and is not in violation of
art. 44 of the Amendments to the Constitution of this Commonwealth
nor inconsistent with any decisions of this court touching that amend-
ment.

APPEAL, entered in the Supreme Judicial Court for the
county of Suffolk on February 18, 1932, by a taxpayer
from a decision by the Board of Tax Appeals denying a
petition for abatement of a tax upon gains resulting from
sales of corporate stock in 1929.

Material facts are stated in the opinion.

The case was submitted on briefs.

*G. H. B. Green, Jr., & D. Burstein,* for the taxpayer.

*J. E. Warner,* Attorney General, *& R. Clapp,* Assistant
Attorney General, for the commissioner of corporations and
taxation.

RUGG, C.J.   This is an appeal from a decision of the
Board of Tax Appeals sustaining the action of the com-
missioner of corporations and taxation in refusing an abate-
ment of the income tax assessed upon the appellant for
1930 based upon his income for 1929.   The material facts

are these: The appellant was the owner of six hundred fifty-nine shares of stock in a corporation. Of these, seventy-nine and thirteen twentieths shares were purchased during the years 1919 to 1928, inclusive, and the remainder, five hundred seventy-nine and seven twentieths shares, were received as stock dividends during the same period. The cost of the shares purchased was $11,940.50, and the value when acquired of the shares acquired as stock dividends was $40,114.73, a total of $52,055.23. The price paid to the appellant for three hundred shares sold by him on October 18, 1929, was $39,063. The commissioner, by apportioning the cost of the seventy-nine and thirteen twentieths shares purchased over the entire six hundred fifty-nine shares, determined the cost of the three hundred shares to be $5,267.30. Thus the gain was found to be $33,795.70, on which the income tax on excess of gains over losses was assessed. The appellant also owned three hundred twenty-four shares of stock in another corporation, of which one hundred eighty-three and twelve twentieths shares were purchased during the period from 1916 to April 1, 1929, and one hundred forty and eight twentieths shares were received as stock dividends during the same period. The cost of the shares purchased was $12,273.58 and the value when received of the shares acquired as stock dividends was $7,293.50, a total of $19,567.08. The price paid to the appellant for two hundred shares sold in October, 1929, was $25,342. The commissioner, by apportioning the cost of the shares purchased over the entire three hundred twenty-four shares, determined the cost of the two hundred shares to be $7,576.28. Thus the gain was found to be $17,765.72, on which the income tax on excess of gains over losses was assessed. The commissioner paid no attention to the value of the shares received as stock dividends when received, but made his calculation of the cost of the shares owned at the time of sale by dividing the cost of the shares purchased by the total number of shares owned and subtracted the cost thus computed from the sale price of the shares sold. The appellant contends that the gain for purposes of the income tax ought to be determined

(1) by apportioning the sum of the cost of the shares purchased and the value at the time of the receipt of the shares received by way of stock dividend over the total number of shares owned, (2) by taking as the cost of the shares sold a proportionate amount of this total and (3) by subtracting the cost thus computed from the sale price of the shares sold. The determination of the question thus presented depends upon the construction of the governing statute. Its material words are in G. L. c. 62, § 5 (c), as most recently amended by St. 1928, c. 217, § 1, (see now St. 1931, c. 435, § 1): "The excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property, whether or not said taxpayer is engaged in the business of dealing in such property, shall be taxed at the rate of three per cent per annum. When shares of new stock of the company issuing the same received as a stock dividend or shares of stock which were the basis of such stock dividend are sold, the basis of determination of the gain or loss shall be the cost, or value when acquired otherwise than by purchase, of the stock which was the basis of such stock dividend, apportioned over the old and new shares of such company held after the receipt of such stock dividend." It is further provided in said c. 217 by § 2 that "In determining gains or losses realized from sale of capital assets, the basis of determination, in case of property owned on January first, nineteen hundred and sixteen, shall be the value on that date, and in case of property acquired by purchase thereafter, the cost thereof. . ." and by § 3 that the act shall apply to income received during the calendar year 1928 and thereafter. Said § 2 amended G. L. c. 62, § 7, by striking out in its last line the words "thereafter, the value on the date when it is acquired" and inserting in place thereof the words "by purchase thereafter, the cost thereof." See now St. 1931, c. 435, § 2.

We think that the words of said § 5 (c) as amended by St. 1928, c. 217, § 1, are too plain to require extended discussion. The legislative mandate is clear to the effect that in calculating the kind of income accruing to the taxpayer from the

excess of gains over losses in purchases and sales of intangible personal property, when some shares of stock in a corporation have been bought or acquired otherwise than by purchase as matter of original ownership, and some other shares of the same stock have been received by way of stock dividends on such originally owned shares, the cost of each share when sold shall be ascertained by taking the actual cost price of the shares when originally purchased or their actual value when originally acquired otherwise than by purchase, and dividing that cost by the total number of shares owned, including both those originally acquired by purchase or otherwise and those received by way of stock dividends. The cost price thus ascertained subtracted from the price received when shares of such stock are sold gives the gain on which the tax is to be assessed. The meaning of these words of said § 5 (c) is emphasized by the amendment to G. L. c. 62, § 7, by St. 1928, c. 217, § 2 (already alluded to), whereby the words establishing as the cost of all shares of stock for the calculation of income arising from gains over losses in purchases or sales the value of the shares on January 1, 1916, if then owned, and the value of the shares when acquired if acquired after that date, were changed so as to except shares of stock acquired by way of stock dividends in new shares of stock in the company issuing the same from that method of calculating cost. These amendments have removed the statutory foundation for the decision in *Parker* v. *Commissioner of Corporations & Taxation*, 258 Mass. 379. By reason of these statutory changes that decision is no longer an authority as to the present method of calculation of income derived from sales of stock received by way of stock dividends in new shares of the corporation issuing the same. This was foreshadowed in *Allen* v. *Commissioner of Corporations & Taxation*, 272 Mass. 502. The commissioner followed the rule prescribed by the governing statutes in calculating the income tax of the appellant.

The appellant, in substance, argues that since it was held in *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 529, that under art. 44 of the Amendments to the Constitution and under the statutes then controlling a stock dividend was

taxable as income, and since, by St. 1920, c. 352, now G. L. c. 62, § 1 (b), stock dividends have been exempted from taxation as income, the effect of St. 1928, c. 217, is to tax retroactively as income stock dividends already received and hence it is unconstitutional. That argument is fallacious and is based on a misconception of the statute. The governing statute imposes no tax upon stock dividends as income. It imposes no tax whatever on stock dividends. Stock dividends when received by the appellant became capital assets in his hands and were subject to no tax either on their receipt or on their possession. They were indistinguishable, either in form or in substance, from those shares of stock originally owned. So long as the appellant chose to retain all his shares of stock he was subjected to no tax. It was only when he made a gain by a sale at a price higher than cost that he became subject to tax. Then he was subjected solely to a tax on such gain. His stock dividends were not taxed. His gain alone was taxed. This would be very plain if, instead of declaring a stock dividend of the same kind of stock as that originally owned by the appellant, the corporations had not only established a new capital basis but also had called in all the outstanding shares of stock and made a new issue of shares of capital stock either of the same or a different par value or of no par value. The cost then would indubitably be the cost of the originally owned shares. The principle is equally plain in application to the facts here disclosed.

There is no retroactive feature in the governing statutes. They apply only to gains actually realized in the year for which the tax is levied. Income can accrue from gains under the statute only when sales are made; its amount depends upon the price received as the result of sales. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 529. *Brown* v. *Commissioner of Corporations & Taxation*, 242 Mass. 242. *Van Heusen* v. *Commissioner of Corporations & Taxation*, 257 Mass. 488, 491. The statute provides a just method for the determination of the cost of shares, made up partly of those originally acquired by purchase or otherwise, and partly of those subsequently received by way of stock dividends, on which to base the gain received by a sale of a part or the

whole of such shares.   We are unable to perceive anything in the statute violative of the Forty-fourth Amendment to the Constitution of this Commonwealth or inconsistent with any of our decisions touching that amendment.

The principles declared in decisions by the Supreme Court of the United States relative to retroactive taxes, upon which the appellant relies, have been examined.   *Untermyer* v. *Anderson,* 276 U. S. 440.   *Nichols* v. *Coolidge,* 274 U. S. 531. *Cooper* v. *United States,* 280 U. S. 409.   *Coolidge* v. *Long,* 282 U. S. 582.   *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140, 152.   *Lynch* v. *Hornby,* 247 U. S. 339, 343.   It seems to us that there is nothing inconsistent in any of those decisions with the conclusion here reached.   The tax here assailed is not retroactive.   It is not levied on dividends.   It is a simple tax on income realized through a sale of stock.

*Petition dismissed.*