LOIS BETTS *vs.* MASSACHUSETTS CITIES REALTY CO.

Suffolk.   January 6, 1938. — October 24, 1939.

Present: DONAHUE, QUA, DOLAN, & COX, JJ.

*Bond*, Secured by trust mortgage.

Where references in a bond to a trust mortgage securing it contained no intimation that the right of the bondholder to maintain an action for money due upon coupons attached to it was cut off by the terms of the mortgage, and no provision specifically subjecting the bond to all the terms of the mortgage, he was not put upon notice to examine the mortgage and ascertain the extent of his right of action, and could recover upon unconditional promises contained in overdue coupons.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated May 22, 1936.

There was a finding for the plaintiff by *Donovan*, J.

The case was submitted on briefs.

*A. F. Bickford & D. P. Donaldson*, for the defendant.

*M. Witte*, for the plaintiff.

COX, J.   The defendant brings this appeal from the decision and order of the Appellate Division of the Municipal Court of the City of Boston dismissing the report from that court.   The plaintiff sued to recover upon twenty coupons originally attached to bonds issued by the defendant.   She was the holder in due course of three of these bonds and of the coupons originally attached thereto.   The coupons were detached and duly presented for payment, which was refused.   Each coupon on its face was an unconditional promise to pay to bearer the amount stated therein "being six months interest due on . . . [the defendant's] first and refunding mortgage gold bond . . ." provided the bond mentioned in the coupon had not been called for previous redemption and payment.   Each bond contained a promise to pay the amount stated therein to the bearer or registered owner on January 1, 1953, or earlier (as therein provided) with interest at seven per cent per annum "payable semi-annually."

Each bond also contained four references to the mortgage deed of trust, securing the bond issue, which were, so far as material, as follows: (1) The bonds were secured by a mortgage deed of trust "to which Mortgage Deed of Trust reference is hereby made for a description of the nature and extent of the security and the rights and remedies of the holder in regard thereto"; (2) "The Mortgage Deed of Trust . . . establishes a Sinking Fund . . . . Reference is hereby made to said Mortgage Deed of Trust for a full description of the terms, conditions and benefits of said Sinking Fund"; (3) "The Company [the defendant] expressly reserves the right to call for prior payment on any interest date prior to maturity, the entire then outstanding amount of Series A bonds . . . upon such notice as is provided in said Mortgage of Trust"; and (4) "It is part of the contract herein contained that each holder hereof by the acceptance hereof waives all right of recourse to any personal, statutory or other liability of any promoter, director, shareholder, officer or agent of the Company, howsoever the same may arise, for the collection of any indebtedness hereunder, and releases from all such liability each such promoter, director, shareholder, officer or agent, all as more particularly provided in said Mortgage Deed of Trust." The mortgage indenture contained the following provisions: "ARTICLE X ADDITIONAL COVENANTS AND RIGHT OF ACTION  SECTION 2. All the bonds issued hereunder are subject to the condition that all rights of action thereon or in respect thereof, or on or in respect of the coupons thereto appertaining, are vested exclusively in the Trustee under this mortgage, and that no holder thereof, or of any coupon appertaining thereto, shall have any right to institute any action at law or in equity upon the said bonds, or any of the coupons, or growing out of any provision thereof, or of this mortgage, or for the enforcement of this indenture, unless and until the Trustee shall refuse and neglect to institute proper proceedings within sixty (60) days after request by the holders of a majority in principal amount of the bonds then outstanding hereunder, other than bonds held by or for the benefit of the Company, filed with the Trustee with

satisfactory indemnity and deposit of said bonds with the Trustee; provided, however, that if at any time the Company shall pay the interest or coupons with respect to some of the bonds and shall fail to pay the interest or coupons of like date of maturity with respect to other bonds upon presentation thereof, or, except in case of bonds purchased for the sinking fund, or called for prior payment, shall pay the principal of some of said bonds, and shall fail to pay the principal of other bonds of like maturity on presentation thereof, the holders of such bonds with unpaid interest or unpaid coupons or of such unpaid bonds, as the case may be, may sue at law or in equity, anything in this mortgage, or the bonds, to the contrary notwithstanding; provided, further, that nothing in this section or elsewhere in this indenture shall affect or impair the obligation of the Company, which is unconditional and absolute, to pay, at the date of maturity therein expressed, the principal and interest of the bonds to the respective holders thereof at the time and place in the bonds expressed, or affect or impair the right, which is also absolute and unconditional, of such holders to enforce such payment by legal proceedings or otherwise.   Any suit or proceeding instituted by the Trustee shall be brought in its name as Trustee."

The trial judge found in addition to the facts already stated that the bonds to which the coupons were originally attached have not been called for redemption; that there has been no request upon the trustee to institute proceedings by a majority in principal amount of the bonds outstanding as provided in said article X, section 2; that the trustee has never declared the principal of the bonds to be due; that there has been no payment of interest or coupons with respect to some of the bonds and a failure to pay the interest or coupons of like date of maturity with respect to other bonds; that the plaintiff had no actual knowledge of the provisions of said article X, section 2; that the recording of the indenture in the registry of deeds did not charge the plaintiff with notice of its contents; that the coupons declared upon have matured but the bonds to which they were originally attached have not.   The trial judge denied the

defendant's request for ruling that "On all the law and the evidence the plaintiff is not entitled to recover in this action for the following reasons: 1. By article 10 of the mortgage indenture Massachusetts Cities Realty Co. to Old Colony Trust Company dated January 2, 1923, all rights of action on the coupons sued upon are vested in the trustee exclusively, except upon the happening of a condition, which condition has not come to pass, or upon maturity of the bonds to which the coupons in suits were originally attached. 2. The bonds to which the coupons sued upon were originally attached have not matured." He found for the plaintiff on the declaration. The defendant states in its brief that "The real point in issue . . . is whether the mortgage indenture is sufficiently referred to in the bonds to put the holders of the bonds on notice of the trust indenture and to subject them to its provisions."

The plaintiff, as owner of the bonds from which the coupons in suit were detached, is charged with notice of the terms and conditions contained in the bonds. *Bailey* v. *County of Buchanan,* 115 N. Y. 297. *Oster* v. *Buildings Development Co.* 213 Wis. 481. *Andrews* v. *Missouri State Life Ins. Co.* 61 Fed. (2d) 452. See *National Bank of North America of Boston* v. *Kirby,* 108 Mass. 497, 502. Compare *Pratt* v. *Higginson,* 230 Mass. 256; *Mack* v. *American Electric Telephone Co.* 50 Vroom, 109, 112. The plaintiff also, in the circumstances, is charged with notice of such reasonable provisions of the trust indenture as are sufficiently referred to in the bond itself. *Continental Corp.* v. *Gowdy,* 283 Mass. 204, 207, 208, 209. *McClure* v. *Oxford,* 94 U. S. 429, 433. *Allan* v. *Moline Plow Co. Inc.* 14 Fed. (2d) 912, 915. *McAdoo* v. *Oregon City Manuf. Co.* 71 Fed. (2d) 879, 882–883. *Oster* v. *Buildings Development Co.* 213 Wis. 481.

In our opinion the references in the bond to the trust mortgage were not of such a character as to deprive the plaintiff in the circumstances disclosed of her right to recover upon the coupons. The references amount to this: (1) The bonds are secured by a trust mortgage to which reference is made "for a description of the nature and extent of the security and the rights and remedies of the

holder in regard thereto." This language is applicable only
to the description of the mortgaged property and the rights,
if any, conferred upon the bondholders in the event that
they look to the security for the payment of the bonds.
Enforcement against the security and an action at law are
of different import, and the reference above set forth is not
sufficient to destroy the right to sue on the coupons. *Enoch
v. Brandon,* 249 N. Y. 263, 268. Compare *Branning* v.
*Markham,* 12 Allen, 454; *General Investment Co.* v. *Inter-
borough Rapid Transit Co.* 200 App. Div. (N. Y.) 794, 800,
801, affirmed, 235 N. Y. 133, 137; *Oswianza* v. *Wengler &
Mandell, Inc.* 358 Ill. 302; (2) The reasoning in what has
just been said applies equally well to the statement in the
bonds that a sinking fund is established by the trust mort-
gage to which reference is made for a full description of the
"terms, conditions and benefits of said Sinking Fund";
(3) The right reserved by the defendant to call for prior
payment, on any interest day prior to maturity, the entire
then outstanding amount of bonds by making certain pay-
ments and "upon such notice as is provided in said Mort-
gage of Trust" falls into the same category; and (4) The
reference to the provisions in the trust deed relative to the
waiver by each bondholder of the right of recourse to any
personal, statutory or other liability of any officers or
agents of the company "for the collection of any indebted-
ness hereunder" is to a very different right than that of
the right to sue for interest due. The absence of any
reference in the bonds themselves to such provisions of
article X, section 2, as seek to deprive a bondholder of
"any right to institute any action at law or in equity upon
the said bonds, or any of the coupons, or growing out of
any provision thereof," may be regarded as significant.

In our opinion none of these references is calculated to
inform the purchaser of a bond that he cannot sue at law
for unpaid interest. The references are to other matters
and there is no intimation in them that the right of a bond-
holder such as this plaintiff to sue for money that has become
due is denied or cut off by the trust mortgage. *Rothschild*
v. *Rio Grande Western Railway,* 84 Hun, 103, 108, 109,

affirmed, 164 N. Y. 594. *Cunningham* v. *Pressed Steel Car Co.* 238 App. Div. (N. Y.) 624, 626, affirmed, 263 N. Y. 671.

The defendant contends that, while it is true that the bond is not in terms made subject to the conditions set forth in the trust mortgage with regard to the obligations of the defendant to pay the face value of the bond apart from the security, nevertheless it was the duty of the plaintiff, where the bond referred so many times to the trust deed, to ascertain what that instrument contained that might affect her rights. We cannot agree with this contention. It is not sustained by the weight of authority. The situation is very different from one in which the obligation sued on contains a reference to another instrument for the terms and conditions under which the obligation is issued, the covenants of the maker, and the rights of the holder of the obligation. *Continental Corp.* v. *First National Bank of Westfield*, 285 Mass. 419, 425, 433. *McAdoo* v. *Oregon City Manuf. Co.* 71 Fed. (2d) 879, 882–883. *Carson* v. *Long-Bell Lumber Corp.* 73 Fed. (2d) 397, 404. See *Oster* v. *Buildings Development Co.* 213 Wis. 481, 486, 487. If the plaintiff's right to sue for the unpaid interest was to be restricted or taken away, we are of the opinion that she was entitled to receive notice thereof in reasonably clear language expressed on the face of the bond or by such reference therein to the trust deed as would amount to her having such notice. We are of opinion that the terms and conditions of the bond and coupon must prevail over any conditions or restrictions in the trust mortgage to which reasonable reference has not been made in the bond. *Rothschild* v. *Rio Grande Western Railway*, 84 Hun, 103, 108, 109, affirmed, 164 N. Y. 594. *Cunningham* v. *Pressed Steel Car Co.* 238 App. Div. (N. Y.) 624, 626, affirmed, 263 N. Y. 671.

We find nothing inconsistent with our conclusion in the decisions in *Mayo* v. *Fitchburg & Leominster Street Railway*, 269 Mass. 118, *Charlestown Five Cents Savings Bank* v. *Zeff*, 275 Mass. 408, and *Baker* v. *James*, 280 Mass. 43.

*Order of Appellate Division dismissing*
*report affirmed.*