COMMISSIONER OF CORPORATIONS AND TAXATION vs.
MARGARET D. THAYER.

Suffolk.  November 6, 1940. — July 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Taxation*, Income tax.  *Words*, "Received."

A sum of money, withheld by a Canadian corporation out of a dividend
declared by it on shares owned by a stockholder resident in Massa-
chusetts and paid over to the Canadian government pursuant to a
Canadian statute imposing an "income tax" "on . . . nonresidents
of Canada" respecting "dividends received from Canadian debtors"
and providing for collection of the tax only by requiring the "debtor"
to withhold the amount thereof from the dividend and to remit it to
the government, was not income "received" by the stockholder within
G. L. (Ter. Ed.) c. 62, § 1, nor taxable thereunder: the tax imposed by
the Canadian statute was not a personal obligation of the stockholder
satisfied by such withholding and remittance.

APPEAL from a decision by the Appellate Tax Board.

*E. O. Proctor*, Assistant Attorney General, for the Com-
missioner of Corporations and Taxation.

*A. L. Newton*, for the taxpayer.

FIELD, C.J.  This is an appeal by the commissioner of
corporations and taxation, herein referred to as the com-
missioner, from a decision of the Appellate Tax Board
granting to Margaret D. Thayer, herein referred to as the
taxpayer, an abatement in the amount of $23.66 on account
of an income tax assessed to her upon her income for the
year 1936.  (The decision of the Appellate Tax Board also
granted an abatement to the taxpayer in the amount of
$51.61 on account of an income tax assessed to her upon
her income for the year 1937, but no appeal appears to
have been taken by the commissioner from the decision
granting this abatement.)

The facts are these: The taxpayer was an inhabitant of
the Commonwealth during the calendar years 1936 and
1937.  She was a stockholder in a certain Canadian corpo-
ration, herein referred to as the corporation.  The corpo-

ration in the year 1936 declared a dividend upon the stock held by the taxpayer. Revised Statutes of Canada 1927, c. 97, § 9B (St. 1932–33, c. 41, § 9), provides in part as follows: "(2) In addition to any other tax imposed by this Act an income tax of five per centum is hereby imposed on all persons who are non-residents of Canada in respect of (a) All dividends received from Canadian debtors irrespective of the currency in which the payment is made . . . . (4) In the case of interest or dividends in respect of fully registered shares, bonds, debentures, mortgages or any other obligations, the taxes imposed by this section shall be collected by the debtor who shall withhold five per centum of the interest or dividend on the obligation and remit the same to the Receiver General of Canada." Section 84 imposes penalties upon persons failing "to collect or withhold any sum of money as required by this Act or regulations made thereunder" or failing to remit any sum of money so collected or withheld (St. 1932–33, c. 41, § 16). In 1936 the corporation withheld $323.94 out of the dividends declared and payable to the taxpayer, and paid the same over to the government. The Appellate Tax Board stated in its findings of fact that it "did not appear in evidence that the dividends when declared were credited to the stockholder on the books of the corporation as agent, or left with it by agreement, or paid out upon the stockholder's order." The Appellate Tax Board stated further in its findings of fact that, in "so far as it is a question of fact, we find that the portion of the dividends withheld each year by the corporation and paid over to the Canadian government was not received" by the taxpayer. The commissioner assessed an additional tax at six per cent on the omitted income of $323.94, in the sum of $19.44, which, together with deficiency interest and the ten per cent additional tax under St. 1937, c. 422, amounted to $23.66. The taxpayer applied to the commissioner for abatement but the application was denied, and the taxpayer appealed to the Appellate Tax Board. The Appellate Tax Board made a decision granting an abatement in the amount of $23.66 and the commissioner appealed therefrom to this court.

General Laws (Ter. Ed.) c. 62, § 1, provides in part as follows: "Income of the classes described in subsections (a), (b), (c) and (e) received by any inhabitant of the commonwealth during the preceding calendar year, shall be taxed at the rate of six per cent per annum. . . . (b) Dividends, other than stock dividends paid in new stock of the company issuing the same, on shares in all corporations and joint stock companies organized under the laws of any state or nation other than this commonwealth . . . ."

The issue for determination in this case is whether the amount withheld by the corporation from the dividend declared by it, payable to the taxpayer if it were not for the statutes of Canada, and paid by the corporation to the Canadian government was income "received" by the taxpayer within the meaning of G. L. (Ter. Ed.) c. 62, § 1, so as to be subject to taxation thereunder. The Appellate Tax Board decided that this amount was not so "received" and granted an abatement of the income tax assessed thereon by the commissioner. The commissioner contends that this amount was so "received" and consequently was subject to taxation.

There was no error in the decision of the Appellate Tax Board granting the abatement.

Doubtless the entire dividend declared by the corporation upon the stock therein held by the taxpayer became the property of the taxpayer when the dividend was declared. *Nutter* v. *Andrews*, 246 Mass. 224, 227. This is the law of this Commonwealth and no law of Canada to the contrary has been brought to our attention. *Seemann* v. *Eneix*, 272 Mass. 189, 195–196. *Bradbury* v. *Central Vermont Railway*, 299 Mass. 230, 234. But the tax imposed by G. L. (Ter. Ed.) c. 62, § 1, is imposed only upon income "received," and the amount withheld by the corporation from the dividend and paid by it to the Canadian government was not taxable thereunder by reason of the declaration of the dividend unless this amount was "received" by the taxpayer either actually or constructively. *Lanning* v. *Tax Commissioner*, 247 Mass. 496, 497–498. The amount so paid to the Canadian government by the corporation

never actually came into the hands or possession of the taxpayer so as to be "received" by her in that strict sense.

However, income need not necessarily actually come into the hands or possession of a taxpayer in order to be "received" by the taxpayer within the meaning of the governing statute and taxable thereunder. The general principle has been recognized that "payments made by a third person to discharge an obligation of a taxpayer must be considered as income of the latter if such payments were made in satisfaction of an indebtedness due from such person to the taxpayer." *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147, 152. In such a situation the transaction is "regarded as being the same in substance as if the money had been paid to the taxpayer and he had transmitted it to his creditor." *Douglas* v. *Willcuts*, 296 U. S. 1, 9. See also *Old Colony Trust Co.* v. *Commissioner of Internal Revenue*, 279 U. S. 716, 729. If this were the situation created by the Canadian statute, it might well be that the portion of the dividend withheld by the Canadian corporation by reason of the Canadian statute should be regarded as "received" by the stockholder — the taxpayer here — and subject to the Massachusetts income tax.

But we do not think that this is the situation created by the Canadian statute. No decision of the Canadian courts interpreting the statute has been brought to our attention. Nor has there been brought to our attention any statute of Canada that provides for collection of the tax in any manner other than by compelling the withholding of such a tax by the corporation paying a dividend and the payment of the amount so withheld to the Canadian government. Looking at the situation without such assistance, we conclude that the statute does not impose a personal obligation upon a nonresident stockholder. It is true that the statute purports to impose an income tax "on all persons who are non-residents of Canada in respect of" certain forms of income including "dividends received from Canadian debtors." It is hardly to be thought, however, that the Canadian government intended to exercise its taxing power upon nonresidents apart from the ownership of property in Canada.

This would be contrary to the ordinary conception of jurisdiction to tax. See *Hart* v. *Tax Commissioner*, 240 Mass. 37, 40; *Shaffer* v. *Carter*, 252 U. S. 37, 57; Beale, Conflict of Laws, § 118A.3. It is a more natural interpretation of the statute that it imposes a tax upon income derived from sources in Canada by a nonresident rather than upon a nonresident personally. And though the method of collection might not be inapplicable to a personal tax, it is particularly adapted to a tax imposed upon the income. If, as we think the statute is to be interpreted, the tax is imposed upon the income, the amount of the tax withheld is never received by the stockholder. What he receives is the dividend after the tax has been taken out. His right to receive the dividend is a right to receive such dividend less the charge imposed upon it by the Canadian government. At no time does the taxpayer have a right to receive the entire dividend from the Canadian corporation. Nor does he ever actually or constructively receive the entire dividend. In this view of the situation the amount withheld is not used to pay his personal obligation. It reduces the amount that he is entitled to receive from the corporation paying the dividend.

It follows that the decision of the Appellate Tax Board was right. Abatement is granted in the amount of $23.66 with costs.

*So ordered.*