COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
ROBERT M. KELLAWAY.

Suffolk. · December 9, 1943. — October 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, &
SPALDING, JJ.

*Taxation,* Income tax. *Contract,* Annuity contract.

A single premium, paid by an employer in 1940 to purchase for an employee an annuity contract under which the employee would receive a certain sum in 1941 and in each year thereafter during his life and in a certain event payments would be made to others as beneficiaries, was not income of the employee derived from his employment and received by him in 1940 within G. L. (Ter. Ed.) c. 62, § 5 (b), as appearing in St. 1939, c. 486, § 1, and was not taxable to him as such under that statute.

APPEAL from a decision by the Appellate Tax Board.

The case was argued at the bar in December, 1943, before *Field,* C.J., *Donahue, Lummus, Qua,* & *Cox,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Dolan, Ronan, Wilkins,* & *Spalding,* JJ.

. *M. A. Westgate,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*A. H. W. Higgins,* (*C. D. Post* with him,) for the taxpayer.

LUMMUS, J. The taxpayer, an inhabitant of this Commonwealth, has been an employee of a corporation since 1927. In 1940 his employer, "in appreciation of and as a reward for his faithful services," and for his benefit, purchased for him an "annuity policy" by which an insurance company agreed to pay him $544.05 on December 20, 1941, and a like sum each year thereafter during his life. The taxpayer took no part in obtaining the policy except to sign the application as he was required to do. The employer

paid to the insurance company the single premium of $13,500. The policy provided that if the taxpayer should die before he had been paid as much as the amount of the premium certain payments should be made to others as beneficiaries.

In assessing the 1941 income tax upon the taxpayer's income for 1940, the commissioner included in the taxpayer's "income . . . derived from professions, employments, trade or business," and "received . . . during" the year 1940 (G. L. [Ter. Ed.] c. 62, § 5 [b], as appearing in St. 1939, c. 486, § 1), the amount of the premium, $13,500, and assessed an income tax thereon, which was paid on October 1, 1941. On March 2, 1942, the taxpayer applied for an abatement, which the commissioner refused on June 30, 1942. The taxpayer appealed to the Appellate Tax Board, which abated the tax upon the premium. The commissioner appealed to this court.

The only question is whether the premium paid by the employer to the insurance company constituted income of the taxpayer "derived from" his employment, and "received" by him in 1940.

We need not discuss the Federal authorities relied on by the commissioner, for we are satisfied that under the law of this Commonwealth the decision of the Appellate Tax Board was correct.

In 1940 the taxpayer received nothing but a right to annual payments of money in later years. The amount of the premium was not a measure of the value of that right, because the premium paid for contingent rights of others as well as the right of the taxpayer, and included also the expected profit of the insurance company. If the taxpayer had died before the first annual payment became due in 1941, he would never have received any money by virtue of the policy. *Silverman* v. *New York Life Ins. Co., ante,* 101. It does not appear that in 1940 the taxpayer could have converted his right into any sum of money. He asserted in his petition, and in his brief as well, that he had no power to transfer or surrender the policy or his right therein, and that the policy had no fair market value. In his answer

the commissioner did not deny that assertion, but alleged ignorance of the truth of it. The commissioner never determined the value of any right of the taxpayer under the policy, if it had any value, but assessed a tax upon the premium itself as income received by the taxpayer in 1940. No question regarding the taxability, as income of the year 1940, of any right of the taxpayer under the policy, was dealt with by the Appellate Tax Board or argued before us. We deal with the case as the parties have dealt with it, and consider only the taxability of the premium as income of the taxpayer in 1940.

The taxpayer never "received" the premium, and so far as appears could not have received it had he wished to do so. *Parker* v. *Cobe*, 208 Mass. 260. The purpose of his employer would hardly have been served by paying the amount of the premium to the taxpayer so that it would have become his property. When annual payments should be received in later years, doubtless they would be taxable in succeeding years as income from an annuity. G. L. (Ter. Ed.) c. 62, § 5 (a). *Bacon* v. *Commissioner of Corporations & Taxation*, 266 Mass. 547. *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464. *Commissioner of Corporations & Taxation* v. *Hale*, 315 Mass. 556. Under our statute income, to be taxable, must be "received" during the preceding calendar year. *Commissioner of Corporations & Taxation* v. *Thayer*, 314 Mass. 375. We think that the premium paid by the employer was not income received by the taxpayer. To treat the transaction as though the taxpayer received $13,500 in 1940 and invested it in the annuity policy, would beg the question, and substitute fiction for fact.

An abatement is granted in the amount of the tax upon the premium, $222.75. Costs are awarded against the commissioner. *Flint* v. *Commissioner of Corporations & Taxation*, 312 Mass. 204, 213. *Commissioner of Corporations & Taxation* v. *Bullard*, 313 Mass. 72, 102. *Commissioner of Corporations & Taxation* v. *Williston*, 315 Mass. 648, 653. *Ferguson* v. *Commissioner of Corporations & Taxation*, 316 Mass. 318, 331.

*So ordered.*