COMMISSIONER OF CORPORATIONS AND TAXATION
*vs.* ADELBERT I. NEWTON
(and a companion case [1]).

Suffolk.    April 5, 1949. — June 9, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Taxation,* Income tax.

No gain taxable to two persons as income under G. L. (Ter. Ed.) c. 62, § 5 (b), (c), as amended, resulted when they, the owners of the property of a dissolved partnership, transferred that property and other property owned by one of them to a corporation then formed by them and each received one half of its stock, although the properties so transferred to the corporation were set up on its books at a value more than three times their book value at the time of the transfer.

APPEALS from a decision by the Appellate Tax Board.

In this court the cases were submitted on briefs.

*F. E. Kelly,* Attorney General, *& H. W. Radovsky,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*F. M. Myers,* for the taxpayers.

RONAN, J.    These are appeals by the commissioner of corporations and taxation from a decision of the Appellate Tax Board granting abatements of additional taxes for 1946 assessed on income alleged to have been received by the taxpayers during 1945.

Newton and one Washburn had conducted a sand and gravel business, as partners, for a number of years prior to August 31, 1945, when the firm was dissolved. Washburn sold a fourth interest to Newton for $62,500 and his remaining fourth interest to Lindholm for the same price. Newton and Lindholm in August, 1945, organized a corporation to

---

[1] The companion case is Commissioner of Corporations and Taxation *vs.* Carl B. Lindholm.    Both cases arise out of the same transaction and were tried together.

succeed to the partnership. Newton transferred his three-fourths interest in the assets of the old partnership to the new corporation and received therefor one half of the capital stock of the corporation. Lindholm conveyed his one-fourth interest in the assets of the old partnership, together with certain tangible personal property having a book value of $57,257.86, to the new corporation, for which he received the remaining one half of its capital stock. The book value of the partnership assets at the time of its dissolution on August 31, 1945, was $64,141.26, and the book value of these same assets plus the book value of the tangible personal property contributed by Lindholm amounted to $121,399.12, but upon the conveyance of this property to the corporation these assets were carried upon the books of the corporation at $375,000. It is on this last figure that the commissioner determined that each taxpayer had received shares of stock worth $187,500 and obtained a gain taxable as income under G. L. (Ter. Ed.) c. 62, § 5 (b), (c), as respectively appearing in St. 1939, c. 486, § 1, and St. 1935, c. 481, § 1.

The transfer by the taxpayers of their interests in the partnership assets together with the personal property of Lindholm was a sale by them to the corporation. *Osgood* v. *Tax Commissioner*, 235 Mass. 88. *Stone* v. *Tax Commissioner*, 235 Mass. 93. *Van Heusen* v. *Commissioner of Corporations & Taxation*, 257 Mass. 488. *Bryant* v. *Commissioner of Corporations & Taxation*, 291 Mass. 498. Even though a sale was made to the corporation and the title to partnership assets and the personal property of Lindholm vested in the corporation, yet the control and management of the property remained exclusively in the taxpayers who, in continuing the partnership business in corporate form, had an equal interest in the corporate property and an equal voice in the conduct of its business. Of course, the corporation was a legal entity distinct from the two taxpayers, but the arrangements between the taxpayers somewhat resembled a partnership although a partnership did not exist. The statute, G. L. (Ter. Ed.) c. 62, § 5 (b), (c), under which the

commissioner purported to assess the taxes in question, does not tax the making of a sale but only lays a tax upon the gain resulting from the sale. If there is no gain, there is no income and there is nothing that is taxable under § 5.

The question presented is whether any taxable gain has accrued to the taxpayers from the receipt of the stock in exchange for the property conveyed to the corporation.

The contention of the commissioner that a taxable gain had accrued to the taxpayers is demonstrated by the method he employed in computing the tax. He assessed the tax against Newton in the following manner. He started out with the proposition that, the book value of all the physical assets of the corporation being $375,000, Newton's shares of stock were worth $187,500. He next decided that Newton received no gain in purchasing a one-fourth interest in the partnership from Washburn for $62,500 and credited Newton in this amount in deciding what Newton had paid for the $187,500 worth of stock, and this left open to inquiry what Newton gave for the remaining $125,000 worth of stock. He decided that Newton should be credited with one half of the book value of the assets of the partnership, or $32,070.62, leaving Newton with a gross gain of $92,929.38, which he apportioned between a gain of $67,742.14 derived from the sale of tangible assets, taxable at one and one half per cent, and a gain of $25,187.24 from the sale of good will, taxable at three per cent. He computed the tax against Lindholm on the theory that no gain resulted from the purchase of Washburn's one-fourth interest for $62,500, and he credited Lindholm in this amount toward the $187,500 worth of stock that Lindholm received. He also credited him in the amount of $57,257.86, the book value of the tangible personal property which Lindholm transferred to the corporation. This left a balance of $67,742.14, which he determined was a gain made by Lindholm from the sale of tangible personal property, and assessed a tax at one and one half per cent on this amount.

Neither computation corresponded to the actual transaction out of which, it is contended, a gain accrued to the

taxpayers. If the realities of the situation are regarded —
and they must be for the purposes of taxation, *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147,
150 — then there is nothing that justifies the conclusion that
any gain was derived if we deal with the situation upon a
mathematical basis. The tax was calculated upon the theory
that the shares of stock of each taxpayer represented one
half of the value of the physical assets of the corporation
which were carried upon the books of the corporation at the
increased valuation of $375,000. It must be observed that
all of these assets were the identical property that had been
transferred to the corporation by the two taxpayers. The
corporation never had any other physical assets. At the
time of incorporation these assets, which had a book value
of $121,399.12, were more than trebled in value in setting
them up on the corporate books. This was a mere book-
keeping device which apparently resulted in the imposition
of the taxes in question. The record does not show the
purpose of increasing this valuation. There is nothing to
show that the increased valuation was the fair market
value of the assets. They were worth no more a minute
after they were transferred to the corporation than they
were a minute before. If we assume that somehow this
increase was actual and real, it does not follow that a re-
sulting gain was received by the taxpayers. In the first
place, if there was an actual gain, then the gain was a mere
increment in a capital gain accruing to the corporation
alone and not to the individual stockholders to whom a
gain could not accrue until the corporate gain had been
transformed into a dividend and distributed to them. In
the next place, so far as the valuation of the stock was
based entirely upon the valuation of the physical assets of
the corporation, the stock represented only the assets which
they had transferred to the corporation, and if a tax was
computed on the increased valuation of these assets they
were entitled to be credited with their contributions calcu-
lated at the increased rate and not at the old rate. The com-
missioner could not in determining the alleged gain adopt

the original book values for the purpose of crediting the taxpayers and adopt new increased values for the purpose of charging them when he was valuing the same assets as they passed upon the dissolution of the partnership and from Lindholm to the corporation. If the taxpayers were credited and charged with their proportionate contributions as to the book value of either the first or the second valuation, no gain could be shown to have resulted in so far as any computation was based upon the physical assets. The fact is that Newton contributed assets to the book value of $48,105.94, and Lindholm to the book value of $73,293.17, if calculated at the original book values, and more than three times these amounts if reckoned on the new valuation adopted by the corporation. The commissioner credited Newton only for his one-half interest in the partnership assets, which the commissioner reckoned was worth $32,070.62, when in fact Newton had contributed a three-fourths interest in these assets. Neither taxpayer was credited with the interest in the good will of the partnership. The selection of the figure of $67,742.14 in computing the tax of Newton as a gain in the sale of tangible personal property cannot be supported on any view of the evidence. That figure was taken by the commissioner, as conceded in his brief, in order "to equalize Lindholm's gain from sale of tangible assets." As already stated, Lindholm acquired no such gain if he was properly credited under either the old or the new valuation for the amount of his contribution. We need not pause to point out that Newton could not be found to have realized a gain if we shut our eyes to the details of the computation of the tax for, on the very basis of the tax and making every assumption in favor of the commissioner, Newton invested at least $187,500 in exchange for stock which the commissioner says was worth this amount. We need not analyze further this manner in which the taxes were computed, for we are satisfied that, whatever possible view is taken, the taxpayers have not as a matter of mathematical computation received any gain. *Van Heusen* v. *Commissioner of Corpo-*

*rations & Taxation,* 257 Mass. 488. *Commissioner of Corporations & Taxation* v. *Tousant,* 309 Mass. 84. *Commissioner of Corporations & Taxation* v. *Williston,* 315 Mass. 648, 649–650.

The term income has always been broadly construed in our taxing system, *Tax Commissioner* v. *Putnam,* 227 Mass. 522, *Lanning* v. *Tax Commissioner,* 247 Mass. 496, *United States Trust Co.* v. *Commissioner of Corporations & Taxation,* 299 Mass. 296, 299; and while the statute taxing income manifests a legislative intent to include within the taxing field all income of the classes described in the enactment, *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation,* 262 Mass. 1, 4–5; *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115; *Commissioner of Corporations & Taxation* v. *Rathbone,* 321 Mass. 312, 315–316, the only event upon which a tax can be laid is the actual or constructive receipt of income. *Lanning* v. *Tax Commissioner,* 247 Mass. 496, 497, 498. *Commissioner of Corporations & Taxation* v. *Thayer,* 314 Mass. 375, 378. *Commissioner of Corporations & Taxation* v. *Kellaway,* 317 Mass. 192, 194. A mere paper profit is not taxable. Neither is an increase in the value of property while it is still held by the taxpayer and before the increase is separated, by sale or otherwise, from the property. *Commissioner of Corporations & Taxation* v. *Fopiano, ante,* 304, 308.

The joinder of the taxpayers and the joint contribution of their property in the new corporation might have given them a stronger economic and commercial position than the partnership had in the sand and gravel business, but the advantages which might thereby be secured by the corporation cannot be considered as individual income of a stockholder where the shares at the time of their issue, when given in exchange for partnership assets and tangible personal property, had no value readily realizable in the market and where the stockholder has not converted his shares into cash or its equivalent but still retains them. *Van Heusen* v. *Commissioner of Corporations & Taxation,* 257 Mass. 488, 491. *Crocker* v. *Commissioner of Corporations & Taxation,*

280 Mass. 238, 242. *Bryant* v. *Commissioner of Corporations & Taxation,* 291 Mass. 498, 501. *Sears* v. *Commissioner of Corporations & Taxation,* 322 Mass. 446, 450. *Commissioner of Corporations & Taxation* v. *Fopiano, ante,* 304, 308.

Abatement is granted in the first case in the amount of $2,074.56 and in the second case in the amount of $1,188.83, with costs in both cases.

*So ordered.*