NATHANIEL H. STONE & another, trustees, vs. TAX COMMISSIONER.

Norfolk.   December 1, 1919. — February 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* On income. *Sale. Purchase. Corporation.*

In February, 1917, an inhabitant of this Commonwealth exchanged shares of the common stock of a corporation organized in the State of New Jersey, of the par value of $100, for four times as many shares of the common stock of a corporation organized in the State of New York, which had acquired all of the assets of the New Jersey corporation and had no other property and issued its stock, without par value, almost entirely in exchange for the stock of the New Jersey corporation. No gain resulted from this exchange. In October, 1917, the same shareholder accepted an offer made by the directors of the New York corporation to exchange his shares therein, share for share, for shares in another New York corporation, of a much larger capitalization, which was organized to acquire the common stock of four corporations engaged in the manufacturing of products which could be conducted more economically under a single management and issued substantially all of its capital stock for that purpose. By the last exchange the shareholder acquired shares worth more than those he gave. *Held,* that such exchanges were sales and purchases of intangible personal property under St. 1916, c. 269, § 5 (c), and that the gain resulting therefrom was subject to the income tax imposed by that statute. Following *Osgood* v. *Tax Commissioner, ante,* 88.

PETITION, filed in the Superior Court on March 21, 1919, under St. 1916, c. 269, § 20, appealing from a refusal of the Tax Commissioner to abate an income tax of three per cent assessed under St. 1916, c. 269, § 5 (c), on the sum of $15,210, alleged by the Tax Commissioner to have been received by the petitioners as a gain on the sale and purchase of intangible personal property described in the opinion.

In the Superior Court the case was heard by *Sisk,* J., without a jury, who reported it to this court for determination.

*R. Ernst,* for the petitioners.

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.

RUGG, C. J. This is a petition under St. 1916, c. 269, § 20, to recover taxes assessed under § 5 (c) on alleged "gains" from "purchases or sales of intangible personal property." The case comes before us on a report by a judge of the Superior Court which states

that "the facts in this case have been agreed upon by all parties in the pleadings." Those facts so far as material to this decision as set forth in the petition or admitted by the answer are as follows: The petitioners on January 1, 1916, owned three hundred and ninety shares of the common stock of the National Carbon Company, a New Jersey corporation, each share of the par value of $100. On February 1, 1917, the petitioners accepted an offer to exchange that stock for common stock in the National Carbon Company, Inc., a corporation incorporated under the laws of New York in January, 1917, on the basis of four shares of the common stock of the New York corporation (which had no par value) for each one share of the common stock of the New Jersey corporation, the New York corporation having acquired all of the assets of the New Jersey corporation and having no other property. The petitioners accepted the offer and made the exchange. Substantially all the stock of the New York corporation was issued in exchange for the stock of the New Jersey corporation. In October, 1917, the directors of the New York corporation sent to the petitioners notice of an offer made in behalf of a corporation to be formed in New York, to be called Union Carbide and Carbon Corporation (hereafter designated the Union Company), to exchange shares of its capital stock for the common stock of the National Carbon Company, Inc. (hereafter called the National Company) share for share. The Union Company had an authorized issue of three million shares of stock, all of one class without nominal or par value. The petitioners accepted the offer and in October, 1917, exchanged fifteen hundred and sixty shares of National Company common stock for an equal number of shares of Union Company stock. The Union Company at the same time acquired not only substantially all the common stock of the National Company, but also that of three other corporations engaged in manufacturing products which could be conducted more economically under a single management. Substantially all the capital stock of the Union Company was issued for the acquisition of stock of the four companies, and it owned no other assets. The market value of the common stock of the New Jersey Company was fixed by the Tax Commissioner at $165 per share. The petitioners took the value of each share of the National Company at one fourth that amount, or $41.25 per share. The market value of

the Union Company was $51 per share on the date when petitioners made exchange for that stock. The question is, whether the petitioners are subject to taxation for this difference of $9.75 per share as a gain under St. 1916, c. 269, § 5 (c).

This case was argued at the same time with *Osgood* v. *Tax Commissioner, ante,* 88, just decided. It is governed by the same principles as those there regarded as controlling. In the case at bar, however, the petitioners by the exchange acquired stock in a new corporation of much larger assets and through its subsidiary companies conducting a far more extensive business than did the corporation, shares in which they held originally. The transactions in which the petitioners participated were more complicated and resulted in a combination of more diverse elements than those presented in the Osgood case. Even more plainly than in that case, the petitioners have acquired new stock in a different corporate entity. Their present stock represents in a sense part ownership in assets much larger in amount and diversified in character than did the stock which they used for exchange. They now own stock obviously disparate in every respect compared with that which they formerly held. Their gain has been realized by ownership of distinct and separate property of higher value and is not a mere paper profit.

*Judgment for the Tax Commissioner.*