JULIAN DE CORDOVA *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    May 10, 1943. — June 30, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Taxation*, Income tax.

In a transaction involving a corporate reorganization whereby a stockholder in a corporation surrendered his stock therein and ultimately received for it stock in another corporation not representing the same interest in the same assets and having a market value which, while equal to the market value of the stock surrendered, was in excess of the original cost to him of the stock surrendered, the stockholder realized a present gain in the amount of such excess which was taxable under G. L. (Ter. Ed.) c. 62, § 5 (c).

APPEAL from a decision by the Appellate Tax Board denying an abatement of an income tax.

*A. C. Webber*, for the taxpayer.

*M. A. Westgate*, Assistant Attorney General, for the Commissioner of Corporations and Taxation.

RONAN, J.    The taxpayer owned two hundred fifty-two shares of common stock of the Utah Copper Company, hereinafter called Utah. This company was engaged in mining and milling copper from its own ore deposits. The Kennecott Copper Corporation, hereinafter referred to as Kennecott, and its subsidiaries, conducted the business of mining, milling, smelting and fabricating copper and copper products and marketing its goods both in this and in foreign countries. Kennecott owned slightly more than ninety-nine per cent of the common stock of Utah. A plan of reorganization was adopted by the directors of both of these companies on November 9, 1936. In accordance with this

plan, a new corporation called the Copper Corporation of Utah was formed and took over the assets and liabilities of Utah. Each stockholder of Utah exchanged each share of his stock for three shares of stock of the Copper Corporation of Utah. On November 10, 1936, this last named corporation transferred its assets, which consisted of the property that it acquired from Utah, to Kennecott and Kennecott assumed its liabilities. The stock of the Copper Corporation of Utah was exchanged share for share for stock of Kennecott. The taxpayer received seven hundred fifty-six shares of Kennecott. These shares had a market value of $45,360 which was $25,204 in excess of the original cost of his shares of Utah. An income tax was assessed upon this excess under G. L. (Ter. Ed.) c. 62, § 5 (c). The taxpayer has appealed from a decision of the Appellate Tax Board denying his petition for abatement.

The transfer of the taxpayer's stock in Utah through an intermediary to Kennecott and the receipt of the stock of Kennecott was the sale of Utah stock and the purchase of Kennecott stock under G. L. (Ter. Ed.) c. 62, § 5 (c) which, in so far as material, provided for the taxation of income on the "excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property . . . . If, in any exchange of shares upon the reorganization of one or more corporations . . . the new shares received in exchange for the shares surrendered represent the same interest in the same assets, no gain or loss shall be deemed to accrue from the transaction until a sale or further exchange of such new shares is made." This last sentence was added by St. 1922, c. 449. A transfer like that made by the taxpayer in the instant case has always been considered as a sale since the statute was originally enacted by St. 1916, c. 269, § 5 (c), although since this amendment a sale coming within the scope of the amendment was not a presently taxable event. *Osgood* v. *Tax Commissioner,* 235 Mass. 88. *Van Heusen* v. *Commissioner of Corporations & Taxation,* 257 Mass. 488. *Wellman* v. *Commissioner of Corporations & Taxation,* 289 Mass. 131, 137. *Bryant* v. *Commissioner of Corporations & Taxa-*

*tion,* 291 Mass. 498. *Commissioner of Corporations & Taxation* v. *Tousant,* 309 Mass. 84, 87.

The taxpayer makes two contentions: (1) that he did not realize a present gain from the exchange of his shares, and (2) that the new shares represented the same interest in the same assets within the meaning of G. L. (Ter. Ed.) c. 62, § 5 (c).

Our income tax is not an excise but a property tax. It is based not upon the purchase or sale of intangible personal property but upon the gains over the losses resulting from such purchases or sales. *Hart* v. *Tax Commissioner,* 240 Mass. 37. *United States Trust Co.* v. *Commissioner of Corporations & Taxation,* 299 Mass. 296. A mere paper profit is not taxable income. The finding of the board that the "exchanges in themselves did not result in any increase of wealth to the appellant" in view of the other findings must be interpreted as meaning that the seven hundred fifty-six shares of Kennecott had a market value equal to that of the two hundred fifty-two shares of Utah. That finding is not decisive. The test is whether the value of Kennecott shares that the taxpayer received exceeded the cost to the taxpayer of his Utah shares. It is undisputed that the value of what was received was greater than the cost of what had been given in exchange. An actual gain was realized upon the receipt of the Kennecott stock which, apart from the question whether it was exempt as a present gain under another portion of the statute, was properly assessed as a taxable gain of income. *Osgood* v. *Tax Commissioner,* 235 Mass. 88. *Commissioner of Corporations & Taxation* v. *Tousant,* 309 Mass. 84.

The taxpayer contends that the mere receipt of the Kennecott shares that he held during the remainder of the taxable year could not constitute taxable income because they represented "the same interest in the same assets" as was represented by the Utah shares within the meaning of the governing statute. G. L. (Ter. Ed.) c. 62, § 5 (c). He contends that where the reorganization of more than one corporation is involved, the application of the statute will be extremely limited if the words "the same interest in the same assets"

are literally interpreted, and that the statute ought to be construed so as to include instances· where the new shares have no greater market value than the shares that are surrendered.

The board, however, has expressly found that the new shares did not represent the same interest in the same assets as did the old shares. The decision of the board is "final as to findings of fact," G. L. (Ter. Ed.) c. 58A, § 13, and a finding made upon unreported evidence cannot be disturbed. *Revere* v. *Revere Construction Co.* 285 Mass. 243. *Commissioner of Corporations & Taxation* v. *Ford Motor Co.* 308 Mass. 558. Moreover, the statute is not ambiguous and has been heretofore construed as not applicable when, as here, the new shares represent an interest in assets different from those represented by the old shares. *Stone* v. *Tax Commissioner*, 235 Mass. 93, 95. *Wellman* v. *Commissioner of Corporations & Taxation*, 289 Mass. 131, 139. *Bryant* v. *Commissioner of Corporations & Taxation*, 291 Mass. 498, 500. The statute sets forth in plain and unambiguous terms the criterion for the taxability of gains realized from stock acquired from the reorganization of one or more corporations. We have no right to apply a different standard. We can interpret the statute only as it is written and we cannot extend it beyond the limits that it designates. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 243. *Hite* v. *Hite*, 301 Mass. 294, 300. *Worcester* v. *Quinn*, 304 Mass. 276, 280. *Amory* v. *Assessors of Boston*, 310 Mass. 199, 203. *West's Case*, 313 Mass. 146, 149.

*Petition for abatement dismissed.*