St. George's Ebenezer Primitive Methodist Church of Methuen *vs*. The Primitive Methodist Church of the United States of America, Eastern Conference, & others.

Essex. November 6, 1945. — November 29, 1945.

Present: Field, C.J., Lummus, Dolan, Ronan, & Spalding, JJ.

*Evidence*, Admissions and confessions, Relevancy and materiality, Of mistake.

On an issue whether a deed of gift of land running to trustees of a "conference" of churches was by mistake so made instead of to one of the member churches, as alleged by that church, the journals and year books of the "conference" during thirty-nine years between the time of the conveyance and the time of the commencement of the proceeding involving such issue, which had been distributed to the church and contained recitals showing the land as an asset of the "conference," were competent to show an admission by the church of title in the trustees through its long inactivity to challenge that title; and a letter from the donor of the land to the "conference" referring to "land already deeded to you," which was acted on at a meeting of the church shortly after the conveyance and was included in its records, was competent in the circumstances to show acquiescence of the church in the conveyance.

Petition, filed in the Land Court on August 8, 1941.

Following the decision reported in 315 Mass. 202, there was a second hearing of the case by *Courtney, J.*

*M. A. Cregg,* for the petitioner, submitted a brief.

*J. C. Johnston,* (*J. Friedberg & S. Baker* with him,) for the respondents.

Ronan, J. This is a petition filed in the Land Court under G. L. (Ter. Ed.) c. 185, §§ 112, 114, by an incorporated religious society having a place of public worship in Methuen and a member of the respondent The Primitive Methodist Church of the United States of America, "Eastern Conference," hereinafter called the conference, seeking the revocation of a certificate of title to the church premises in Methuen which was issued on December 12, 1902,

to the trustees of the Eastern Conference of the Primitive Methodist Church, hereinafter called the trustees, and the issuance of a new certificate to the petitioner on the ground that one Searles, the former owner of the locus, title to which had been previously registered in his name, intended to convey the premises to the petitioner but through the mistake of the scrivener conveyed them on October 20, 1902, to the trustees. The judge found against the petitioner.

The exceptions of the respondents taken at the first trial were sustained because the evidence was insufficient to support a finding that the trustees were named by mistake as grantees instead of the petitioner. *St. George's Ebenezer Primitive Methodist Church of Methuen* v. *Primitive Methodist Church of the United States of America, Eastern Conference*, 315 Mass. 202. The facts are set forth in that opinion and need not be repeated here. At the second trial, evidence in addition to that introduced at the first trial consisted mainly of statements said to have been made by Dr. Taylor, who was pastor of the Methuen church during the time in question, and now deceased, in two conversations in 1941, the first with a member of the petitioner and its counsel and the second with Dr. Sharp, concerning the execution of certain instruments apparently dealing with the transfer of title to some parcel of land. The judge found that Dr. Taylor took some papers to an attorney but that it did not appear from whom he received the papers, or what instructions were given to him or the attorney, that there was no evidence as to the contents of these papers, and that Dr. Taylor might well have had in mind the deeds from him to the trustees of the land upon which the rectory had been erected. Furthermore, there was evidence that Dr. Taylor had told Dr. Sharp that "Mr. Searles wanted the deeds just as they are." The judge found that the petitioner had not shown any mistake upon the part of Searles or the attorney in drafting the deed of the church premises to the trustees on October 20, 1902, or that Searles intended to convey these premises to the petitioner. He also found that Searles intended to deed the locus to the conference,

and that he knew that the petitioner as a member of the conference would have the use of the locus. He ruled that the adverse claim of the petitioner was invalid and ordered the cancellation of the registration of this claim. He also ordered that the petition seeking the revocation of the outstanding certificate of title and the issuance of a new certificate to the petitioner be dismissed.

The petitioner alleged various exceptions but we consider only those that the petitioner has argued in its brief. *Boston v. Dolan*, 298 Mass. 346, 355–356. *Commonwealth v. Gale*, 317 Mass. 274, 276.

All of the findings of the judge are supported by the evidence and cannot be disturbed. *Hartt v. Rueter*, 223 Mass. 207, 212. *Holmes v. Barrett*, 269 Mass. 497. *Sutcliffe v. Burns*, 294 Mass. 126.

There was no error in the admission of the journal and year books of the conference for the years 1903 to 1941, inclusive. It could be found that copies of these records were distributed at the annual conferences to the member churches, including the petitioner. In all of them the locus was carried as an asset of the conference, and some of them stated that the locus had been deeded to the trustees. The judge found that the petitioner knew that the grantees in the deed of the locus were the trustees. The inactivity of the petitioner during all these years to challenge the claim of the trustees as owners of the locus could be found to be an admission on the part of the petitioner. *Warner v. Fuller*, 245 Mass. 520, 528. *Kenyon v. Vogel*, 250 Mass. 341. *Popkin v. Goldman*, 266 Mass. 531, 535.

The judge was right in admitting the letter of April 29, 1904, from Searles addressed "To the Eastern Conference of the Primitive Methodist Church of the United States In session assembled." The letter among other things stated that Searles intended soon to erect "a church upon land already deeded to you." The letter was included in the records of the petitioner, and the letter was acted upon at a special meeting of the petitioner on May 5, 1904, at which a committee was appointed to draw a motion thanking Searles for his interest in the church and referring his com-

munication to the district committee of the annual conference. The letter and the records of the proceedings were competent to show that the petitioner knew that the locus had been conveyed by Searles to the trustees or the conference and acquiesced in this action of Searles, and that this position was inconsistent with the present attitude of the petitioner in claiming an interest in the locus. *Holden* v. *Hoyt,* 134 Mass. 181, 184. *Nashua Iron & Brass Foundry Co.* v. *Chandler Adjustable Chair & Desk Co.* 166 Mass. 419. *Clarke* v. *Warwick Cycle Manuf. Co.* 174 Mass. 434.

*Exceptions overruled.*