ASSESSORS OF LAWRENCE *vs.* ARLINGTON MILLS
(and six companion cases [1]).

Suffolk.    March 5, 1946. — October 2, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Value. Mill. Taxation,* Appellate Tax Board: jurisdiction, petition,
appeal, exceptions, requests and rulings, findings; Real estate tax:
assessment, mill site. *Evidence,* Judicial notice. *Attorney at Law.
Waiver. Supreme Judicial Court,* Waiver. *Error,* Whether error
harmful. *Words,* "Appurtenant."

A bill of exceptions in the Appellate Tax Board has no standing.
This court took judicial notice of its own files showing that a certain
person was an attorney at law.
Even if one bringing an appeal from assessors before the Appellate Tax
Board had no authority to practise before the board, his lack of au-
thority was not a ground for dismissal of the appeal by the board
where his act of bringing it was not challenged at the time.
Questions as to the admission or exclusion of evidence before the Appellate
Tax Board not set forth in a claim of appeal from its decision as re-
quired by G. L. (Ter. Ed.) c. 58A, § 13, as amended, are not open in
this court.
A failure by the Appellate Tax Board to find a particular fact in accordance
with a request therefor is not a matter of law which can be brought to
this court by an appeal under G. L. (Ter. Ed.) c. 58A, § 13, as amended.
A question of law raised by an appeal to this court from a decision by the
Appellate Tax Board under G. L. (Ter. Ed.) c. 58A, § 13, if not argued
in this court, is waived.
In a determination by assessors of the value of a mill site as enhanced
by rights to water collected in ponds at a distance and flowing to the
mill for use there in processing goods, the cost to the owner of the mill
of obtaining such rights was immaterial and need not be considered
by the assessors.
A decision by the Appellate Tax Board granting an abatement of a tax
assessed for a mill site having certain water rights was reversed and a
new hearing ordered where the board erroneously had refused a request
by the assessors for a ruling that in valuing the mill site as enhanced

---

[1] The six companion cases are similarly entitled. The principal case (num-
bered 10247) arises out of a petition by the Arlington Mills for abatement of
a tax upon real estate assessed in 1940. Two other similar petitions relate
respectively to taxes assessed in 1941 and 1942. In 1943 the assessors assessed
the same real estate in four parcels, and the other four cases arise out of four
petitions for the abatement of those assessments.

by such water rights the assessors "need" not consider "the price paid for . . . water rights . . .," and it did not appear whether the board, in granting the abatement, had considered or disregarded the cost of the acquisition of the water rights.

APPEALS from decisions by the Appellate Tax Board.

*J. P. Kane*, City Solicitor, for the assessors.

*J. M. Graham*, (*A. Garceau* with him,) for the taxpayer.

LUMMUS, J.  These seven cases originated in petitions to the assessors for abatement of taxes on real estate.  The assessors refused to make any abatement, and the taxpayer appealed to the Appellate Tax Board, which heard the cases under the formal procedure.  G. L. (Ter. Ed.) c. 59, §§ 59, 65; c. 58A, §§ 6, 7, all as amended.  The board granted an abatement, and the assessors appealed to this court.  G. L. (Ter. Ed.) c. 58A, § 13, as it appears in St. 1933, c. 321, § 7, as amended by St. 1933, c. 350, § 8, St. 1935, c. 218, § 1, and St. 1939, c. 366, § 1.  *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 317 Mass. 694.

With a single immaterial exception, the section cited makes such an appeal to this court "the exclusive method of reviewing any action of the board."  And such an appeal reaches only questions of law raised before the board and set out separately and particularly in the claim of appeal.

The board refused to dismiss the proceedings before it on the ground, taken by the assessors, that they were brought before the board by a person not entitled to practise before it.  We discuss this question on the appeal, disregarding the bill of exceptions filed by the assessors, for a bill of exceptions in the Appellate Tax Board is unknown. We have no occasion to consider the validity of Rule 1 of the Appellate Tax Board so far as it purports to authorize a certified public accountant to practise before it, and to authorize a corporate officer to represent his corporation before the board.  *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 184.  The "statement" by which the appeal from the assessors was brought to the board was signed "Arlington Mills by Albert Chamberlain, Treasurer."  The files of this court show that he was an attorney at law, and consequently entitled to practise before the board, and we

take judicial notice of our own files. *Matter of Welansky*, 319 Mass. 205, 210. One O'Brien, who was not an attorney at law, seems to have been merely the agent of the taxpayer to receive service, as provided in G. L. (Ter. Ed.) c. 58A, § 7, as amended. But if it be assumed that the appeal from the assessors was brought before the board by a person not authorized to practise before it, his act, not having been challenged at the time, would be effective to bring the appeal before the board. *Henry L. Sawyer Co.* v. *Boyajian*, 296 Mass. 215, S.C. 315 Mass. 757. The subsequent proceedings were conducted for the taxpayer by an attorney at law whose authority is to be presumed. *Steffe* v. *Old Colony Railroad*, 156 Mass. 262, 263, 264. The board was right in entertaining the proceedings, and in refusing to dismiss them.

The assessors contend that the Appellate Tax Board erred in excluding certain evidence offered by the assessors to show that the depreciation for obsolescence claimed by the taxpayer was excessive, and in admitting evidence of the price at which other mills were sold. But no alleged error in the admission or exclusion of evidence was set out in the claim of appeal, as required by G. L. (Ter. Ed.) c. 58A, § 13, as amended, and consequently none is open in this court. *New England Trust Co.* v. *Assessors of Boston*, 308 Mass. 543.

Some of the errors assigned by the assessors in their claim of appeal consist of the failure of the board, though requested, to find some particular fact stated in a request. General Laws (Ter. Ed.) c. 58A, § 13, as amended, requires the board to make "findings of fact" and "report thereon" in writing "if so requested by either party within ten days of a decision without findings of fact," and provides that the record on appeal shall include "all requests for rulings of law and findings of fact and the disposition of each by the board." But the appeal to this court raises only "matters of law," and the refusal or failure to find a particular fact as requested can hardly constitute an error of law. *Assessors of Boston* v. *Garland School of Home Making*, 296 Mass. 378, 383. *Choate* v. *Assessors of Boston*, 304

Mass. 298, 300. *Commissioner of Corporations & Taxation v. Boston Edison Co.* 310 Mass. 674, 676. *De Cordova v. Commissioner of Corporations & Taxation,* 314 Mass. 371, 374. If construed to permit either party to catechize the board as to every fact that he might think material, the statute would impose as intolerable a burden as would the statute requiring findings of material facts in equity if similarly construed. *Fields v. Paraskis,* 318 Mass. 726. In a reported case arising under G. L. (Ter. Ed.) c. 58A, § 13, as amended, we said, "The specifications of error in the refusal of the board to make particular findings of fact have no standing." *Assessors of Boston v. Lamson,* 316 Mass. 166, 168. In this respect no question of law is before us.

Errors are assigned to the failure of the Appellate Tax Board to make certain requested rulings of law, such as are recognized as proper procedure by G. L. (Ter. Ed.) c. 58A, § 13, as amended. But with the exception of requested rulings numbered 16, 17, 18 and 24, none of the alleged errors based upon the failure to give requested rulings of law was argued in this court, and consequently all such alleged errors were waived. Rule 2 of the Rules for the Regulation of Practice before the Full Court (1939), 303 Mass. 678. *Commonwealth v. Gale,* 317 Mass. 274, 276. *Commonwealth v. Rudnick,* 318 Mass. 45, 62. *Reidy v. Crompton & Knowles Loom Works,* 318 Mass. 135, 141. *St. George's Church v. Primitive Methodist Church, Eastern Conference,* 318 Mass. 723, 725. Compare *Commissioner of Corporations & Taxation v. Chilton Club,* 318 Mass. 285, 287.

The requested rulings numbered 16, 17, 18 and 24 [1] are

---

[1] These rulings, requested by the assessors, were as follows: "16. That in valuing as real estate a mill site and appurtenant water used in manufacturing processing, the assessors may consider how much the water enhances the value of the real estate." "17. That in valuing as land a mill site and appurtenant water used in manufacturing processing, the assessors may consider how much the water enhances the value of the land." "18. That in valuing as real estate a mill site and appurtenant water used in manufacturing processing, and in determining how much the site is enhanced by the water, the assessors need not consider the price paid for land, mill rights or water rights in another State or another town in connection with said water." "24. That in valuing as real estate a mill site and appurtenant water used in manufactur-

all founded upon the assumption that in this case the water collected in New Hampshire in ponds owned by the taxpayer and flowing thence through a Massachusetts town to the mill of the taxpayer in Lawrence and there used mainly for "processing" its worsted products and not at all for power, is "appurtenant" to its mill site. We do not understand the word "appurtenant" in these requests to imply that the water rights would pass by a deed of the mill site without being mentioned or referred to in any way.[1] Rather, the word "appurtenant" in these requests means joined with the mill site by necessity or use, so as to create a taxable unit. The cases of *Marlborough* v. *Poorvu*, 305 Mass. 124, *Shruhan* v. *Revere*, 298 Mass. 12, *Boston* v. *Boston Port Development Co.* 308 Mass. 72, 77, *Lenox* v. *Oglesby*, 311 Mass. 269, 271, 272, and *Morison* v. *Assessors of Brookline*, 313 Mass. 746, deal with the possibility that several lots of land may constitute a taxable unit. Rights in water power, used or capable of use in connection with a mill site, are taxable with it, not as distinct and independent items of property, but as increasing the value of the mill site. *Lowell* v. *County Commissioners of Middlesex*, 6 Allen, 131. *Blackstone Manuf. Co.* v. *Blackstone*, 200 Mass. 82. *Essex Co.* v. *Lawrence*, 214 Mass. 79. *Crocker-McElwain Co.* v. *Assessors of Holyoke*, 296 Mass. 338. We need not consider how far, if at all, a similar rule applies to rights in processing water used in connection with a mill site. See *Flax Pond Water Co.* v. *Lynn*, 147 Mass. 31.

The Appellate Tax Board gave a ruling requested by the assessors that "water rights are valid rights and made

---

ing processing, and in determining how much the site is enhanced by the water for the purposes of taxation, the price paid for land, mill rights or water rights in another State or another town need not be considered by the assessors."

To each of these four requested rulings the assessors cited the case of *Crocker-McElwain Co.* v. *Assessors of Holyoke*, 296 Mass. 338.

[1] Easements appurtenant to land pass by a deed of the land without even a general mention of appurtenances. G. L. (Ter. Ed.) c. 183, § 15. *Kent* v. *Waite*, 10 Pick. 138. *Brown* v. *Thissell*, 6 Cush. 254, 256. *Dubinsky* v. *Cama*, 261 Mass. 47, 56. *Hill* v. *Taylor*, 296 Mass. 107, 116. See also *Crabtree* v. *Miller*, 194 Mass. 123, 126; *Pybus* v. *Grasso*, 317 Mass. 716. For cases involving water rights, see *Brace* v. *Yale*, 4 Allen, 393; *Whitney* v. *Wheeler Cotton Mills*, 151 Mass. 396, 403; *Whittenton Manuf. Co.* v. *Staples*, 164 Mass. 319, 326.

appurtenant to mill sites and must be considered in valuing the land, so far as they add value to the land." That ruling was a full compliance with requested rulings numbered 16 and 17. The assessors cannot complain of it, for they asked for it. The taxpayer cannot complain of it, for it has not appealed. That ruling seems sufficiently favorable to the assessors, in view of the fact that in part at least the water rights were taxable and were actually taxed in New Hampshire, if not in another Massachusetts municipality. *Blackstone Manuf. Co.* v. *Blackstone,* 200 Mass. 82, 92, *S.C.* 211 Mass. 14, 20, 21.

The only additional point raised by requested rulings numbered 18 and 24 is that in valuing the mill site as enhanced by such water rights the assessors "need" not consider "the price paid for land, mill rights or water rights in another State or another town." The refusal of those requested rulings amounted to a ruling that the assessors must consider those facts, or at least that they might consider them. Such a ruling must be viewed in the light of the contentions made before the board. The taxpayer introduced evidence to show that it had invested more than $200,000 in obtaining the water rights in New Hampshire and in providing for the flow of the water to its mill, and contended that it was entitled to deduct that investment from the enhanced value of the mill site resulting from the flow of the water to the mill. We think that that contention was unsound, and that the requested rulings ought to have been given. Whatever the water rights may have cost was immaterial. Under the ruling of the Appellate Tax Board, the assessors were entitled to assess the mill site at the enhanced value given it by the water rights, and it did not matter whether the water rights cost much or nothing. *Crocker-McElwain Co.* v. *Assessors of Holyoke,* 296 Mass. 338. The board, in granting an abatement, did not state whether it considered or disregarded the cost of the acquisition of the water rights. For all that appears the contention of the taxpayer may have been adopted. The case must be heard anew. At the new hearing one question will be how far, if at all, the taxability of a part of

the water rights in another State or town will affect the taxation in Lawrence.

The action of the Appellate Tax Board granting an abatement in each case is reversed, and the cases are to stand for a new hearing before that board.

*So ordered.*