COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
CHARLES V. RYAN & others.

Suffolk.    May 4, 1948. — July 1, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Taxation,* Cigarette tax; Appellate Tax Board: appeal to Supreme Judicial Court. *Cigarette. License. Moot Question.*

The authority, given to the Appellate Tax Board by § 24 of c. 64C, inserted in the General Laws by St. 1945, c. 547, § 1, to "grant such relief as may be equitable" on appeals from a decision by the commissioner of corporations and taxation under § 22, does not operate to control G. L. (Ter. Ed.) c. 58A, § 13, so as to bring questions of fact to this court for decision upon the reported evidence.

The Appellate Tax Board, on appeal by a retailer of cigarettes from a suspension of his license by the commissioner of corporations and taxation for alleged violation of § 14 of c. 64C, inserted in the General Laws by St. 1945, c. 547, § 1, was not required to accept as true either evidence introduced by the commissioner or evidence introduced by the retailer as to the cost to the retailer of doing business, but properly might fix such cost at six per cent under § 13 (b).

It was not error on the part of the Appellate Tax Board to disregard "customary discounts for cash" in determining under § 13 (b) of c. 64C, inserted in the General Laws by St. 1945, c. 547, § 1, the cost to a retailer of cigarettes of doing business.

Questions presented on an appeal to this court by the commissioner of corporations and taxation from a decision of the Appellate Tax Board reversing a suspension by the commissioner of the license of a retailer of cigarettes, who had been in business for a number of years, for alleged violation of § 14 of c. 64C, inserted in the General Laws by St. 1945, c. 547, § 1, and awarding the retailer $250 under § 24, were not rendered moot by the expiration of the license by its own limitation while the case was pending before the board.

APPEAL from a decision of the Appellate Tax Board.

*R. W. Cutler, Jr.,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*J. F. Egan,* (*C. V. Ryan* with him,) for the appellees.

LUMMUS, J.   This case arises under G. L. c. 64C, entitled "Cigarette Excise," which was inserted by St. 1945, c. 547, § 1, and which has never before received judicial interpretation.   The statute provides that no person shall sell cigarettes unless licensed by the appellant commissioner.   § 2. Such a license may be revoked by the commissioner "for failure of the licensee to comply with any provision of said chapter . . . or for other good cause."   § 4.   Every licensee "shall keep a complete and accurate record of all cigarettes" purchased, which "shall include a written statement" containing, among other things, "the price paid for each brand of cigarettes purchased."   § 5.   By § 6 an excise equal to one and one half mills for each cigarette sold is imposed. By § 14 (a) "It shall be unlawful for any retailer, with intent to injure competitors, destroy substantially or lessen competition, to advertise, offer to sell or sell at retail cigarettes at less than cost to the retailer," and by § 14 (b) "Evidence of advertisement offering to sell, or sale, of cigarettes by any retailer . . . at less than cost to him, shall be prima facie evidence" of such intent.

By § 13 (a) "The term 'cost to the retailer' shall mean the invoice cost of the cigarettes to the retailer, or the replacement cost of the cigarettes to the retailer within thirty days prior to the date of sale, in the quantity last purchased, whichever is lower, less all trade discounts except customary discounts for cash; to which shall be added the cost of doing business by said retailer as evidenced by the standards and the methods of accounting regularly employed by him in his allocation of overhead costs and expenses, paid or incurred, and must include, without limitation, labor (including salaries of executives and officers), rent, depreciation, selling costs, maintenance of equipment, delivery costs, all types of licenses, taxes, insurance and advertising."

By § 13 (b) "In the absence of proof of a lesser or higher

cost of doing business by the retailer making the sale, the cost of doing business by the retailer shall be presumed to be six per centum of the invoice cost of the cigarettes to the retailer, or of the replacement cost of the cigarettes to the retailer within thirty days prior to the date of sale, in the quantity last purchased, whichever is lower, less all trade discounts except customary discounts for cash."

By § 22 any person aggrieved by any action of the commissioner or his authorized representatives may apply for a hearing. By § 24 "Any person aggrieved because of a decision of the commissioner under section twenty-two may appeal therefrom to the appellate tax board within ten days after written notice of the decision has been mailed or delivered to him."

The partnership consisting of Charles V. Ryan, Helen L. Ryan and Harry J. Richard, hereinafter called the retailers, conducted a drug store in Springfield under the name of Ryan Drug Company, in which they sold cigarettes at retail. They had a license from the commissioner of corporations and taxation, which was to expire on June 30, 1947. On February 28, 1947, the commissioner suspended that license. That action followed a letter from the commissioner to all retailers of cigarettes in which he stated that the retail prices of the so called "popular brands" of cigarettes should be not less than twenty cents a package or $1.98 a carton. On March 10, 1947, the retailers applied for a hearing under G. L. c. 64C, § 22. On May 21, 1947, after a hearing, the commissioner decided not to vacate the suspension and not to restore the license. On May 23, 1947, the retailers appealed to the Appellate Tax Board. G. L. c. 64C, § 24. G. L. (Ter. Ed.) c. 58A, § 6, as amended by St. 1945, c. 367, § 3, and St. 1947, c. 632, § 2. The board, by a majority decision, made on October 22, 1947, held that the cause for which the commissioner suspended the license was insufficient in law, and granted to the retailers the sum of $250 as equitable relief, under G. L. c. 64C, § 24. The commissioner appealed to this court on November 5, 1947, under G. L. (Ter. Ed.) c. 58A, § 13.

The commissioner, in his letter of suspension dated Feb-

ruary 28, 1947, declared that in suspending the license he acted under G. L. c. 64C, § 4. That section authorizes suspension "for failure of the licensee to comply with any provision of said chapter . . . or for other good cause." In revoking a license for cause the commissioner had a duty to specify the cause for which he was acting. *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142, 145, 147. *Becker Transportation Co. Inc.* v. *Department of Public Utilities*, 314 Mass. 522, 526, 527. But it does not appear that the retailers objected to proceeding with the hearing without better specification of the ground of suspension, and very likely waived any infirmity in the letter of suspension. *Miami Grove Inc.* v. *Licensing Board for Boston*, 312 Mass. 318, 324. The board found as follows: "The commissioner, in open hearing, stated and we find that the suspension of the license was based on the fact that the Ryan Drug Company did not comply with the provisions of the February 18, 1947, letter. This letter is referred to above and indicated that cigarettes should be sold at not less than $.20 per package, or $1.98 per carton." If that was the sole ground for the suspension of the license, that suspension was invalid, for nowhere in G. L. c. 64C is authority given to the commissioner to fix prices for cigarettes. The cost, below which cigarettes may not be sold, is the actual cost to the particular retailer, and not the usual cost in the trade or the cost as determined by any survey or by any public officer. G. L. c. 64C, §§ 13, 14.

But we assume in favor of the commissioner, for the purposes of the present case, that he acted upon his finding, which he expressed on May 21, 1947, that at the time of the suspension the retailers "sold cigarettes at less than cost as defined by" G. L. c. 64C, and that the question whether the retailers did so sell was properly before the board and is properly before this court on appeal. The evidence is reported.

Under G. L. (Ter. Ed.) c. 58A, § 13, "The decision of the board shall be final as to findings of fact," and "Each claim of appeal shall set out separately and particularly each error of law asserted to have been made by the board,

with precise references to the portions and particulars of the proceedings before the board in which it is alleged that error of law occurred," and "The court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." In substance the statute provides that the decision of the board as to the facts is final, and that only rulings of law are open in this court. *Assessors of Lawrence* v. *Arlington Mills*, 320 Mass. 272, 274. *Brockton Knights of Columbus Building Association, Inc.* v. *Assessors of Brockton*, 321 Mass. 110, 113. *Commissioner of Corporations & Taxation* v. *St. Botolph Club, Inc.* 321 Mass. 269. But whether the evidence warrants a general conclusion of the board is a question of law, and is raised by appeal. *Assessors of Boston* v. *Garland School of Home Making*, 296 Mass. 378, 383. *Assessors of Boston* v. *Lamson*, 316 Mass. 166, 168. *Assessors of Boston* v. *Boston, Revere Beach & Lynn Railroad*, 319 Mass. 378, 379. The authority to grant equitable relief, given to the board by G. L. c. 64C, § 24, does not operate to control G. L. (Ter. Ed.) c. 58A, § 13, so as to bring questions of fact to this court for decision upon the reported evidence, under the equity practice illustrated by *Allen* v. *Moushegian*, 320 Mass. 746, 752.

The board received evidence, introduced by the commissioner, that surveys conducted among certain drug stores showed that the cost of retailing cigarettes exceeded twelve per cent. That evidence seems to have been competent under G. L. c. 64C, § 20. But it was material only so far as it enabled an inference to be drawn as to the cost to the particular retailers whose cost of doing business was in issue in this case. The board could give such weight to that evidence as it saw fit. On the other hand, the retailers introduced evidence that their cost was less than three per cent. This, too, the board was not required to accept. In fact, the board refused to adopt either figure, and fell back, as it had a right to do, upon the presumption, created by G. L. c. 64C, § 13 (b), that "In the absence of proof of a lesser or higher cost of doing business by the retailer" the cost of doing business shall be taken to be six

per cent of the invoice cost of the cigarettes to the retailer. Applying the statutory presumption, the retailers could not be found to be selling cigarettes below cost.

Neither was there any error on the part of the board in disregarding the "customary discounts for cash" (G. L. c. 64C, § 13 [b]) allowed to the retailers by the wholesaler. It was immaterial whether those discounts appeared on the invoices given by the wholesaler to the retailers or not. They were not to be considered in reckoning costs, and need not be disclosed by the retailers to the commissioner.

While the matter was pending before the board, the license, which had been unlawfully suspended, expired by its own limitation. The question arises whether that fact renders the case before us moot. In *Mullholland* v. *State Racing Commission*, 295 Mass. 286, the plaintiffs sued in equity to prevent the holding of horse racing meetings at Suffolk Downs. Pending the suit the license for the meetings expired. Rugg, C.J., said (page 289), "When, at the time of the disposition of a cause, the situation is such that the relief sought is no longer available or of any use to the plaintiffs and a decision by the court will not be applicable to existing rights, no decision will be rendered. The questions originally involved have become moot. They are not proper subjects for litigation." See also *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530; *Henderson* v. *Mayor of Medford*, 321 Mass. 732. In the present case, however, it does not appear that the expiration of the license has made moot the questions involved in its suspension. The retailers are in business, and have been dealing in cigarettes for a number of years. They may reasonably expect that, in the absence of wrongful conduct on their part, their license will be restored. They have been awarded equitable relief in a substantial sum, based on the illegality of the suspension of their license, and there was no error of law in that award. Under these circumstances we think the questions involved in this case have not become moot. *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians*, 320 Mass. 451.

Because of the illegality of the suspension of the license

to sell cigarettes at retail, this court on appeal awards $250 to the appellees Ryan and others, as was awarded by the Appellate Tax Board, and an order is to issue certifying said sum to the comptroller, all in accordance with G. L. c. 64C, § 24.

*So ordered.*