ASSESSORS OF WORCESTER *vs.* KNIGHTS OF COLUMBUS RELIGIOUS EDUCATIONAL CHARITABLE AND BENEVOLENT ASSOCIATION OF WORCESTER.

Worcester.   September 22, 1952. — December 3, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation*, Real estate tax: exemption; Appellate Tax Board: appeal to Supreme Judicial Court.   *Charity*.

Only questions of law raised before the Appellate Tax Board and set forth separately and particularly in the claim of appeal are open in this court on an appeal under G. L. (Ter. Ed.) c. 58A, § 13, as amended.

A conclusion by the Appellate Tax Board, that ten per cent of city real estate consisting of a four story building owned by a charitable corporation, on which the board granted a partial abatement of a tax under

---

G. L. (Ter. Ed.) c. 59, § 5, Third, was "appropriated for the charitable purposes for which the . . . [taxpayer] was incorporated," was warranted by subsidiary facts which the board could have found that a library, a reading room and a hall were used for such purposes and that the floor space of these three rooms was more than ten per cent of the entire floor space of the building.

An alleged failure of the Appellate Tax Board to "hold" that the dominant use and occupancy of real estate by its owner, a charitable corporation, were for purposes other than those for which it was incorporated would not constitute an error of law.

APPEAL from a decision by the Appellate Tax Board.

*Henry P. Grady*, Assistant City Solicitor, (*Archibald M. Hillman*, City Solicitor, with him,) for the assessors of Worcester.

*Walter J. Griffin*, (*John M. Shea* with him,) for the taxpayer.

WILLIAMS, J. This is an appeal by the assessors of the city of Worcester from a decision of the Appellate Tax Board granting a partial abatement in the amount of $512.50 of a tax of $5,125 assessed on the real estate of the taxpayer in Worcester for the year 1949. The findings of fact by the board so far as material to the issues raised by the appeal are as follows. The taxpayer was incorporated in 1914 for the purposes "of teaching and fostering the Religion of Christ as may be had in devotional work, in special courses of instruction in divine things, and in encouragement and leadership in all that tends to make its members find motive for conduct in the thought of God; the promotion of its libraries, classes in the study of the humanities, the training of the mind and hand in science, mechanics, art and expression." The real estate in question consists of a four story building on Elm Street in Worcester. There are two stores on the first floor which, with the portion of the basement beneath them, are leased to others for commercial purposes. The rest of the basement is equipped as a gymnasium for the use of which members and nonmembers of the taxpayer are charged, but which may be used by school children without charge. On the first floor are a lounge, recreation room, billiard room, candy counter, reading room, and library.

There are also a "directors'" room and the office of the Grand Knight of Alhambra Council, Knights of Columbus, a voluntary association whose members are "ipso facto" members of the taxpayer corporation. On the second and third floors are located three large halls and a so called studio room. The fourth floor is an attic. Two of the halls are to a large extent rented to different outside organizations. The third hall, called Columbus Hall, is used "almost exclusively" by a boy scout troop without charge under the supervision of the officers of the Knights of Columbus. A schedule of the respective areas of the rooms in the building is included in the findings. "Ten per cent of the real estate in question is appropriated for the charitable purposes for which the . . . [taxpayer] was incorporated."

By G. L. (Ter. Ed.) c. 59, § 5, Third, the real estate of literary, benevolent, charitable, and scientific institutions "owned and occupied by them or their officers for the purposes for which they are incorporated" is exempt from local taxation, except in cases where "any of the income or profits of the business of the institution or corporation is divided among the stockholders or members, or is used or appropriated for other than literary, educational, benevolent, charitable, scientific or religious purposes." No contention is made that the case comes within these exceptions.

The decision of the board is final as to its findings of fact, G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended, *Commissioner of Corporations & Taxation* v. *Boston Edison Co.* 310 Mass. 674, 676, *Fisher School* v. *Assessors of Boston,* 325 Mass. 529, 533; and the appeal reaches only questions of law raised before the board and set out separately and particularly in the claim of appeal. G. L. (Ter. Ed.) c. 58A, § 13. *Assessors of Lawrence* v. *Arlington Mills,* 320 Mass. 272, 273.

The alleged errors assigned in the claim of appeal are as follows. "1. That the Appellate Tax Board is in error in its conclusion upon the facts as found that ten (10) per cent of the appellant's real estate was appropriated for the charitable purposes of the appellant. 2. The Appellate Tax

Board erred in failing to hold that the real estate of the Knights of Columbus Religious Educational Charitable and Benevolent Association of Worcester in its dominant use was for the purpose other than that for which it was incorporated. 3. That the Appellate Tax Board erred in failing to hold that the real estate of the Knights of Columbus Religious Educational Charitable and Benevolent Association of Worcester was owned, occupied and used by it for purposes other than that for which it was incorporated."

The only question of law raised by the first assignment is whether the board was warranted in concluding from the subsidiary facts which it had found that ten per cent of the building was appropriated for charitable purposes. As it could have found that the library, reading room, and Columbus Hall were so used, and that the floor space of these three rooms was more than ten per cent of the entire floor space of the building, there was no error in the conclusion of the board. The question which has been argued as to the authority of the board to grant a partial exemption is not presented by the assignment.

In the second and third assignments the errors set forth relate to the failure of the board to "hold" that the dominant use and occupancy of the building were for purposes other than that for which the taxpayer was incorporated. The nature of such use and occupancy was a fact to be found by the board and, as said in *Assessors of Lawrence* v. *Arlington Mills*, 320 Mass. 272, 274, its "failure to find a particular fact . . . can hardly constitute an error of law." The board, however, has found that "ten per cent of the real estate in question is appropriated for the charitable purposes for which the . . . [taxpayer] was incorporated" and we think this imports a conclusion that the remaining ninety per cent of the real estate is not so appropriated.

*Abatement granted in the amount of $512.50.*