ASSESSORS OF EVERETT *vs.* GENERAL ELECTRIC COMPANY.

Suffolk.    October 8, 9, 1953. — October 29, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Taxation,* Personal property tax: abatement, exemption, property of United States; Appellate Tax Board: appeal to board, jurisdiction, appeal to Supreme Judicial Court; Invalid tax.

A personal property tax upon machinery owned by the United States, leased to the taxpayer assessed for the tax, and used by the taxpayer in the production of articles for the United States on premises also so owned and leased was invalid. [465–466]

Only questions of law raised before the Appellate Tax Board and set forth separately and particularly in the claim of appeal are open in this court on an appeal under G. L. (Ter. Ed.) c. 58A, § 13, as amended. [466]

An appeal to the Appellate Tax Board under G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended, from a denial by assessors of an application for abatement of a personal property tax was not barred by a failure of the taxpayer to pay the prescribed portion of the tax before the denial; it was enough if such payment was made before the filing with the board of the petition on the appeal. [467–468]

The Appellate Tax Board has jurisdiction on an appeal to it under G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended, to abate in its entirety a local tax illegally laid on exempt property. [468–469]

APPEAL from a decision by the Appellate Tax Board.

*Harris E. Albert,* City Solicitor, for the assessors of Everett, submitted a brief.

*William R. Cook,* for the taxpayer.

*Erwin A. Goldstein,* Special Assistant to the Attorney General of the United States, for the United States.

RONAN, J.  This is an appeal by the board of assessors of the city of Everett from a decision of the Appellate Tax Board granting an abatement of the entire tax assessed to the taxpayer on machinery employed in a manufacturing plant located in that city.

The taxpayer had been classified by the commissioner of corporations and taxation as a foreign manufacturing corporation as defined in G. L. (Ter. Ed.) c. 63, § 42B, as appearing in St. 1937, c. 383, § 2, and on January 1, 1950, occupied land and buildings owned by the United States and known as the "Air Force Plant."  The land and buildings together with 550 machines located on these premises were owned by the Federal government and were leased to the taxpayer.  The latter owned 200 machines which were located at this plant on the above mentioned date.  Other than these 750 machines there was no machinery at the plant on the said date.  All of this machinery was used by the taxpayer for the manufacture of parts for gas turbine or jet engines and other products for the air force of the United States.  The taxpayer in January, 1950, filed with the assessors a list disclosing that it owned certain poles, underground conduits, wires and pipes at the plant, together with the machinery.  The assessors made no assessment of a tax upon any of these objects other than upon the machinery.  The assessors denied an application for the abatement of the tax; the taxpayer paid the tax and seasonably appealed to the Appellate Tax Board.  The board allowed the United States to intervene.

The board found upon all the evidence that the 550 machines were owned by the United States and were not subject to local taxation.  This conclusion was correct.  In the first place, property owned by the Federal government is expressly exempted from such taxation by G. L. (Ter. Ed.) c. 59, § 5, First, as appearing in St. 1938, c. 47, *Van*

*Brocklin* v. *Tennessee*, 117 U. S. 151, 155, *Macallen Co.* v. *Massachusetts*, 279 U. S. 620, 628; and in the next place a taxing provision is invalid which purports "to authorize taxation of the property interests of the United States in the machinery in . . . [the plant of the lessee of the United States engaged in producing ordnance for the government, to whom the tax was assessed], or to use that interest to tax or to enhance the tax upon the Government's bailee." *United States* v. *Allegheny County*, 322 U. S. 174, 192.

The remaining 200 machines were owned by the taxpayer, a foreign manufacturing corporation as defined in G. L. (Ter. Ed.) c. 63, § 42B, and so classified by the commissioner of corporations and taxation. These machines were exempt from local taxation by virtue of G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as amended. *Commissioner of Corporations & Taxation* v. *Assessors of Boston*, 321 Mass. 90. *Assessors of Boston* v. *Commissioner of Corporations & Taxation*, 323 Mass. 730.

The decision of the Appellate Tax Board is final as to its findings of fact, and an appeal brings to this court only questions of law raised before the board and set forth separately and specifically in the claim of appeal. *Assessors of Lawrence* v. *Arlington Mills*, 320 Mass. 272, 273. *Assessors of Worcester* v. *Knights of Columbus Religious Educational Charitable & Benevolent Association*, 329 Mass. 532, 534. The claim of appeal contains only three grounds: first, that the decision was not warranted by the evidence; second, that the taxpayer did not pay the tax within three months of filing its application for abatement with the assessors; and third, that the board "erred in taking jurisdiction where a suit at law was brought to recover the payment of the illegal tax."

The first ground of appeal challenges the sufficiency of the evidence to support the decision of the board. The assessors have waived this objection not only because it has not been argued but also because they virtually concede in their argument that the tax was void. As to the third ground of appeal, that the board had no jurisdiction to

grant an abatement because the taxpayer had commenced an action at law to recover the amount paid, it might be enough to say that outside of statements contained in the pleadings filed by the assessors alleging the existence of such an action it nowhere appears in this record that there was any evidence introduced before the board to prove that such an action was brought. Apparently, this was the reason that the board made no findings concerning any such action. We do not intimate that, if there was such an action, it would bar the granting of relief by the board. See *Radway* v. *Selectmen of Dennis*, 266 Mass. 329, 336.

The assessors contend that by reason of the failure of the taxpayer to pay the tax before the application for an abatement was denied by the assessors on December 27, 1950, because they did not take any action thereon within three months of the date of the filing of the application on September 27, 1950 (see G. L. [Ter. Ed.] c. 59, § 64, as amended), it had no right to appeal to the Appellate Tax Board. We do not agree with this contention. Notwithstanding that the petition filed with the Appellate Tax Board alleged and the answer admitted that the tax was paid on December 13, 1950, the taxpayer conceded that the tax was not paid until December 28, 1950, and the assessors proceeded on the basis that this date was correct. Whether it was paid on either of these two dates is immaterial in view of the conclusion we reach on this branch of the case. The statute, G. L. (Ter. Ed.) c. 59, § 64, as amended by St. 1945, c. 621, § 5, provides that "A person aggrieved by the refusal of assessors to abate a tax on personal property *at least one half of* which has been paid," or a tax on real estate a certain amount of which has been paid, may "appeal therefrom by filing a complaint with the clerk of the county commissioners . . . ." The italicized words were added by the 1945 amendment for the purpose of putting applicants for an abatement of a personal property tax upon a more equitable parity with applicants for an abatement of a real estate tax in so far as the obligation to make payment was concerned before an appeal could be taken to the Appellate

Tax Board. By virtue of § 65, as amended, an appeal complying with the conditions as to payment prescribed by § 64 may be filed with the Appellate Tax Board.

The statutory requirements for payment imposed on both classes of applicants should be construed harmoniously in order to accomplish the beneficial results intended by the Legislature. Since the 1945 amendment an applicant for the abatement of a tax on personal property need not pay more than one half of the tax instead of the entire tax as he was formerly required to do. The payment of the tax, however, was not a condition precedent to a hearing before the assessors on the application for abatement. *Lincoln Hotel Co. v. Assessors of Boston,* 317 Mass. 505, 509. It was held in *Boston Five Cents Savings Bank v. Assessors of Boston,* 313 Mass. 762, with reference to an abatement of a real estate tax, that it is enough if the prescribed portion of the tax is paid after the refusal by the assessors but before the petition is filed with the Appellate Tax Board. The same rule applies to applications for an abatement of a personal property tax. It is nothing new in our taxing system to permit the commencement of abatement proceedings without payment of the tax if the tax is paid before an abatement is finally granted. See *Milford v. County Commissioners of Worcester,* 213 Mass. 162, 164; *Hamilton Manuf. Co. v. Lowell,* 274 Mass. 477, 482. In the instant case, it is not disputed that the tax was fully paid before any proceedings were begun in the Appellate Tax Board.

The final contention of the assessors is that the Appellate Tax Board had no jurisdiction to abate "an illegal and void tax." So far as appears, the only personal property taxed to the taxpayer as shown by the records of the assessors and their correspondence with the taxpayer was the machinery in question. The assessors could not show that the tax was meant to include other property. *Massachusetts General Hospital v. Somerville,* 101 Mass. 319, 327–328. It has long been settled that proceedings in abatement are an appropriate remedy to determine the validity of the whole or any part of a tax and to obtain an abatement of an entire

tax laid only on subjects all of which were exempt from local taxation. The Appellate Tax Board was empowered to grant the abatement. *Milford Water Co.* v. *Hopkinton,* 192 Mass. 491, 497–498. *Welch* v. *Boston,* 211 Mass. 178, 186. *Assessors of Boston* v. *Boston Elevated Railway,* 320 Mass. 588, 593. The taxpayer is entitled to an abatement computed in accordance with G. L. (Ter. Ed.) c. 59, § 64.

*Abatement granted in the amount of $87,600 with costs.*