BOSTON SAFE DEPOSIT & TRUST COMPANY & another,
executors, *vs.* COMMISSIONER OF REVENUE.

Worcester.   March 9, 1982. — April 28, 1982.

Present: GRANT, GREANEY, & SMITH, JJ.

*Taxation*, Succession tax, Appellate Tax Board.  *Probate Court*, Deter-
mination of succession tax, Review of decision by Appellate Tax
Board.

In an action filed in a Probate Court against the Commissioner of Reve-
nue seeking a reduction in the valuation of certain stock made for in-
heritance tax purposes by the Appellate Tax Board, the judge erred in
dismissing the action on the ground that the plaintiffs' only remedy
was a timely appeal to the Supreme Judicial Court on matters of law.
[493-494]
In reviewing an appraisal made for inheritance tax purposes by the Ap-
pellate Tax Board, a Probate Court is required pursuant to G. L.
c. 65, § 26, and c. 58A, § 13, to accept the findings and appraisal
made by the board unless they are vitiated by error of law. [494-496]

CIVIL ACTION commenced in the Worcester Division of the
Probate and Family Court Department on November 24,
1980.

The case was heard by *Conlin*, J., on a motion to dismiss.

*Alexander Whiteside (Howard S. Whiteside* with him)
for the plaintiffs.

*Gerald J. Caruso*, Assistant Attorney General, for the de-
fendant.

GRANT, J.   The plaintiffs' testatrix was, at the time of her
death in 1974, the owner of a substantial block of an issue of
preferred stock of a publicly held corporation.   On August 25,
1976, the Commissioner of Corporations and Taxation, acting
under the provisions of G. L. c. 65, § 25 (as amended through
St. 1971, c. 555, § 58), valued the stock at $765,806.25 for

purposes of the inheritance tax.[1]  On December 8, 1976, the
State Tax Commission, apparently acting under the provi-
sions of G. L. c. 65, § 26 (as appearing in St. 1961, c. 469,
§ 3), arrived at the same valuation.  The plaintiffs appealed
to the Appellate Tax Board (board), which, on December
17, 1979, rendered a decision for the "appellee."[2]  The
board made seasonable return of its decision to the Probate
Court in which the estate was being settled.  On Novem-
ber 12, 1980, the board promulgated findings of fact and a
report in which it concluded that the plaintiffs had "fail[ed]
to sustain [their] burden of proof . . . as to overvaluation of
the shares of corporate stock."[3]

The plaintiffs promptly filed in a Probate Court a com-
plaint against the Commissioner of Revenue (Commission-
er) which was entitled "Petition for Refusal of Return of
Appellate Tax Board and for Determination of Value of
Stock," which purported to invoke the court's jurisdiction
under G. L. c. 65, § 26, and which sought a reduction in
the valuation of the stock to $631,210.  The Commissioner
moved to dismiss for lack of jurisdiction over the subject
matter of the action (Mass.R.Civ.P. 12[b][1], 365 Mass.
755 [1974]) on the ground that the "[plaintiffs'] only
remedy [was] a timely appeal to the . . . Supreme Judicial
Court on matters of law."  The Commissioner's motion was
allowed, and the plaintiffs appealed.

There no longer appears to be any real dispute between
the parties that it was error to dismiss the action on the
ground advanced by the Commissioner below.  Ever since

---

[1] We are not concerned with the estate tax now found in G. L. c. 65C,
inserted by St. 1975, c. 684, § 74, which applies only with respect to the
estates of decedents dying on or after January 1, 1976. See St. 1975,
c. 684, § 97.

[2] By this time the "appellee" was the Commissioner of Revenue, who
had entered the picture on August 1, 1978, via St. 1978, c. 514, §§ 5 and
287.

[3] See *Schlaiker* v. *Assessors of Great Barrington*, 365 Mass. 243, 245
(1974); *Foxboro Associates* v. *Assessors of Foxborough*, 385 Mass. 679,
684, 691 (1982).

the enactment of St. 1930, c. 416, either the old Board of Tax Appeals or (since 1937) the present Appellate Tax Board has been required to make return to a Probate Court of any appraisal which it has made for inheritance tax purposes pursuant to the provisions now found in G. L. c. 65, §§ 25 and 26, and G. L. c. 58A, § 6.[4] It is equally clear that during that same period G. L. c. 58A, § 13, has contained tandem provisions which have (a) recognized and preserved the right of the Probate Courts to review such appraisals and (b) specifically excepted the appraisals from the otherwise exclusive review of the board's decisions by the Supreme Judicial Court.[5] It necessarily follows that the order dismissing the action must be reversed.[6]

Our work is not over. The parties are in disagreement as to the function of a Probate Court now that the board has returned its appraisal to the court. The plaintiffs point to the "when accepted by the court" language of the present G. L. c. 65, § 26,[7] and to the "hear and determine all questions relative to the tax imposed by this chapter" language

---

[4] See St. 1930, c. 416, §§ 30 and 31; G. L. (Ter. Ed.) c. 65, §§ 25 and 26; St. 1939, c. 451, §§ 34 and 35; St. 1939, c. 494, §§ 1 and 2; St. 1954, c. 572, §§ 2 and 3; St. 1961, c. 469, §§ 2 and 3; St. 1971, c. 555, § 58; St. 1978, c. 106; St. 1978, c. 514, § 176.

[5] See St. 1930, c. 416, § 1; St. 1931, c. 218, § 1; G. L. (Ter. Ed.) c. 58A, § 13; St. 1933, c. 321, § 7; St. 1937, c. 400, § 4; St. 1968, c. 120, § 3; St. 1973, c. 1114, § 5; St. 1978, c. 514, § 72.

[6] It is possible that the Commissioner's original position on this point was influenced by the case of *Commissioner of Corps. and Taxn.* v. *Worcester County Trust Co.*, 305 Mass. 460 (1940), in which the Supreme Judicial Court did review an appraisal of stock which had been made by the board under G. L. c. 65, § 25, as then in effect. A study of the original papers (see *Flynn* v. *Brassard*, 1 Mass. App. Ct. 678, 681 [1974]) discloses that the jurisdictional point was not raised or considered in that case.

[7] The legislative history and context of the "when accepted" language can be traced through the following: St. 1891, c. 425, § 13; R.L. c. 15, § 16 (1902); St. 1905, c. 367; St. 1907, c. 563, § 19; St. 1909, c. 490, Part IV, § 19; G. L. c. 65, § 25; St. 1924, c. 300, § 3 (1921); St. 1930, c. 416, § 30; G. L. (Ter. Ed.) c. 65, § 25; St. 1939, c. 494, § 1; St. 1954, c. 572, § 1; St. 1961, c. 469, § 3; St. 1978, c. 514, § 176.

of G. L. c. 65, § 30 (as amended by St. 1922, c. 520, § 19), in support of their contention that the Probate Court can now disregard the board's labors in favor of a completely independent appraisal of the stock which will bind the Commissioner for inheritance tax purposes. The Commissioner effectively ignores the "when" and asserts that the court must accept the board's appraisal.

We think both parties are wide of the mark. In *Greenfield* v. *Commissioner of Rev., ante* 486, 490 (1982), we concluded that neither § 27 nor § 30 of G. L. c. 65 affords any basis for the court's making an independent determination of value for purposes of the inheritance tax. In that same case we pointed out that ever since 1930 (with a hiatus not here material) G. L. c. 58A, § 13, has provided that "[t]he decision of the board shall be final as to findings of fact" (*supra* at 490). That language has immediately preceded the first of the tandem references to G. L. c. 65, §§ 25 and 26, which have already been mentioned. Taken in context, we think the effect of the "finality" language is to preclude a Probate Court from engaging in the fact-finding process which would be necessary to any independent valuation of assets. See and compare *Commissioner of Corps. & Taxn.* v. *J.G. McCrory Co.*, 280 Mass. 273, 278 (1932); *Commissioner of Corps. & Taxn.* v. *Ford Motor Co.*, 308 Mass. 558, 572 (1941); *DeCordova* v. *Commissioner of Corps. & Taxn.*, 314 Mass. 371, 374 (1943); *Assessors of Worcester* v. *Knights of Columbus Religious Educ. Charitable & Benevolent Assn.*, 329 Mass. 532, 534 (1952); *Coomey* v. *Assessors of Sandwich*, 367 Mass. 836, 839 (1975), and cases cited. Taken in conjunction with the "when accepted" language of § 26, we think the effect of the "finality" language is to require a Probate Court to accept the board's findings and appraisal unless they are vitiated by some error of law. See *Choate* v. *Assessors of Boston*, 304 Mass. 298, 300 (1939); *Commissioner of Corps. & Taxn.* v. *Boston Edison Co.*, 310 Mass. 674, 676 (1942); *Assessors of Lawrence* v. *Arlington Mills*, 320 Mass. 272, 274-275 (1946); *Commissioner of Corps. & Taxn.* v. *Ryan*, 323 Mass. 154, 157-158

(1948); *Fisher Sch.* v. *Assessors of Boston,* 325 Mass. 529, 533-534 (1950); *Assessors of Everett* v. *Albert N. Parlin House, Inc.,* 331 Mass. 359, 364 (1954); *Stilson* v. *Assessors of Gloucester,* 385 Mass. 724, 729 (1982).

It does not appear that the Probate Court has given any consideration to what its function might be or to how that function should be performed in the circumstances of this case in the event that it should be determined (as we have) that the court has jurisdiction to engage in a limited review of the board's findings and appraisal. The parties have not briefed the question whether those findings or that appraisal might be vitiated by some error of law. Accordingly, the order of dismissal is reversed, and the case is to stand for further proceedings in the Probate Court consistent with the principles enunciated in this opinion.

*So ordered.*